Patricia CAMPBELL, Petitioner,

v.

WORKERS' COMPENSATION APPEAL
BOARD (ANTIETAM VALLEY AN-
IMAL HOSPITAL), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 1997.

Decided Jan. 6, 1998.

Jack F. Wolf and Levi S. Wolf, Pottstown, for petitioner.

Beverly J. Doneker, Allentown, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Patricia Campbell (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) which reversed a Workers' Compensation Judge's (WCJ) denial of the termination petition filed by Antietam Valley Animal Hospital (Employer) and terminated Claimant's benefits as of March 9, 1994. The WCAB order also reversed the WCJ's decision granting Claimant's petition to review her Notice of Compensation Payable. We now reverse the WCAB.

On October 6, 1993, while working as a receptionist/technician for Employer, Claimant was bitten on her left thumb by a kitten. The kitten died shortly thereafter and was buried before a rabies test could be conducted. As a prophylactic measure, Claimant

received a series of rabies shots. Immediately after these shots were administered, Claimant experienced vomiting, diarrhea and fever; later, Claimant also experienced aches in her hips, back and shoulders. (WCJ's Findings of Fact, No. 3.) Employer issued a Notice of Compensation Payable, providing Claimant with compensation effective October 17, 1993; the Notice of Compensation Payable described the injury as a bite on the left thumb. (WCJ's Findings of Fact, No. 4.)

On April 7, 1994, Employer filed a termination petition, alleging that, as of March 9, 1994, Claimant had fully recovered from her work-related injury and that any current disability was unrelated to that injury. (R.R. at 1A.) In response, Claimant filed a review petition, seeking to revise the description of the injury in the Notice of Compensation Payable to "persistent diffuse joint and soft tissue pain and weakness secondary to a series of prophylactic rabies shots." (R.R. at 4A.) In addition, Claimant filed a penalty petition alleging that Employer violated the Workers' Compensation Act (Act)[1] by failing to pay Claimant's medical bills. (WCJ's Findings of Fact, Nos. 1, 2.)

Before the WCJ, Employer supported its termination petition by presenting the deposition testimony of Elizabeth Genovese–Stone, M.D., a physician who is board-certified in internal medicine, utilization review and quality assurance. Claimant testified on her own behalf. After considering the evidence, the WCJ made the following relevant findings:

5. Claimant continues to experience pain in the right hip, lower and upper back, and shoulders. When experiencing pain in her hip, [C]laimant has sometimes fallen. If trying to lift something heavier than normal, [C]laimant then experiences pain in elbows. Claimant's hands are cold and swollen with pain. As a result, [C]laimant feels unable to work due to lack of physical capability and inabilities to stand for eight (8) hours per day.

7. Dr. [Genovese-]Stone examined [C]laimant on March 9, 1994.

8. Claimant's medical records indicate that [C]laimant was diagnosed with muscular skeletal syndrome. Dr. Perilstein performed diagnostic studies. The results indicated a mildly elevated sediment rate, diffusely positive for lupus. Dr. Perilstein's impression was a soft tissue process. Dr. Perilstein did not feel that [C]laimant's symptoms were consistent with a reaction to rabies vaccination.

9. Claimant presented symptoms of paresthesias in shoulders and buttocks that increased with walking and lifting of arms. Clinical findings indicated diffuse muscular skeletal complaints. Claimant had tenderness upon palpation of sacroiliac region. Claimant was able to passively move shoulder but with pain.

10. Diagnostic studies indicated a mildly elevated sedimentation rate. Dr. Genovese–Stone opined this was not significant.

11. Dr. Genovese–Stone opined that [C]laimant could have two types of reaction to rabies vaccination. A type one (1) allergic response as an immediate hypersensitivity response. Typically, the patient would experience an immediate increase in immunoglobulin and then dissipate. A type three (3) reaction is an allergic response to the antibody-antigen immune complex. Possible reactions were vasculitis, in which the kidney might be damaged, and glomerulia nephritis, a kidney problem. The patient would experience myalgia, or muscle pain, arthritis, joint pain, or fatigue. However, this is not a long term reaction. [C]laimant's diagnostic testing was negative during the period of receiving vaccinations.

12. Based on clinical findings, Dr. Genovese–Stone opined that [C]laimant did not experience a type one (1) or type three (3) allergic reaction. Further, even if [C]laimant did experience this, [C]laimant has fully recovered.

13. This Judge finds the testimony of [C]laimant as credible. Claimant's symptoms of pain is [sic] supported by clinical findings of diffuse muscular skeletal complaints.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

14. This Judge finds the testimony of Dr. Genovese–Stone as not credible. Dr. Genovese–Stone's testimony does not discount [C]laimant's continued symptoms of diffuse joint pain, fatigue (malasie) [sic], or soft tissue pain.

(WCJ's Findings of Fact, Nos. 5, 7–14.) Based on these findings, the WCJ denied Employer's termination petition, concluding that Employer failed to prove by substantial medical evidence that all of Claimant's disability had ceased. The WCJ also granted Claimant's review petition, concluding that Claimant met her burden of proof by establishing that she sustained persistent diffuse joint and soft tissue pain and weakness as a result of the work incident. (WCJ's Conclusions of Law, Nos. 2–3.) [2]

Employer appealed both the denial of its termination petition and the grant of Claimant's review petition to the WCAB. Employer argued that the WCJ erred in denying Employer's termination petition where Employer presented uncontested competent medical evidence that Claimant's current disability was not work-related. Further, Employer maintained that the WCJ erred in granting Claimant's review petition because Claimant failed to present evidence sufficient to establish that a material mistake of fact was made on the Notice of Compensation Payable. The WCAB agreed with Employer in both instances.

The WCAB first reviewed Employer's termination petition utilizing the capricious disregard standard. The WCAB pointed out that Dr. Genovese–Stone, testifying on behalf of Employer, the burdened party, stated that Claimant's ongoing symptoms were unrelated to the rabies vaccine and that, as of her examination of Claimant on March 9, 1994, Claimant had fully recovered from any reaction she may have had due to the rabies vaccine and work-related injury. The WCAB then determined that, because Claim-

ant presented no *medical* evidence to rebut Dr. Genovese–Stone, the WCJ capriciously disregarded the competent medical evidence presented by Employer. Further, the WCAB concluded that, because the disregarded testimony supported a termination of Claimant's benefits, the WCJ erred in denying Employer's termination petition.

As to Claimant's review petition, the WCAB again noted that Claimant presented no medical testimony, but instead relied on her own testimony to support her burden of proof.[3] Reasoning that Claimant's testimony was rebutted by the competent medical testimony of Dr. Genovese–Stone, the WCAB concluded that Claimant failed to present evidence sufficient to establish that a material mistake of fact was made at the time of the Notice of Compensation Payable and, thus, the WCJ erred in granting the review petition. Accordingly, the WCAB reversed the WCJ's denial of Employer's termination petition, reversed the WCJ's grant of Claimant's review petition and terminated Claimant's benefits as of March 9, 1994.

■ Claimant now appeals from the WCAB's order, arguing that the WCAB erred both in applying the capricious disregard standard to review the WCJ's decision and in reversing the WCJ's order. We agree with each of Claimant's arguments.

In *Iacono v. Worker's Compensation Appeal Board (Chester Housing Authority)*, 155 Pa.Cmwlth. 234, 624 A.2d 814 (1993), *aff'd per curiam*, 536 Pa. 535, 640 A.2d 408 (1994), we discussed the appropriate standard for review of a termination petition where, as here, the WCJ denied an employer's termination petition even though the employer presented medical evidence in support of the petition which was countered only by the claimant's own testimony of continuing pain. In resolving the issue, we stated:

in any material respect incorrect." The burden is on the party seeking modification to prove by evidence reasonably satisfactory that a material mistake of fact or law was made at the time the agreement was entered into. *Litton Industries v. Workmen's Compensation Appeal Board (Christner)*, 78 Pa.Cmwlth. 79, 466 A.2d 1114 (1983).

---

2. However, the WCJ denied Claimant's penalty petition, concluding that Claimant failed to sustain the requisite burden of proof. Claimant did not appeal from that denial. (WCJ's Conclusions of Law, No. 4.)

3. Section 413 of the Act, 77 P.S. § 771, authorizes a WCJ to modify agreements for compensation "if it be proved that such … agreement was

Our formulations of these review standards are clear-cut. Where the party with the burden of proof is the *only* party to present evidence and yet loses before the factfinder, the appropriate standard of review is the "capricious disregard" test. *Russell [v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).] A capricious disregard of evidence will be found when there is a willful and deliberate *disregard* of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result. *Arena v. Packaging Systems, Corp.,* 510 Pa. 34, 507 A.2d 18 (1986).[4]

However, when both parties present evidence before the factfinder, however limited, our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether any necessary finding of fact is unsupported by substantial evidence. *Lautek Corp. v. Unemployment Compensation Board of Review* [138 Pa. Cmwlth. 547], 588 A.2d 1007 (1991). Substantial evidence is that quantum of relevant evidence which a reasonable mind would deem adequate to support a conclusion. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.),* 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991), appeal denied, 527 Pa. 654, 593 A.2d 425 (1991). ... [T]here is no requirement that this "evidence" include medical testimony. Lautek.

*Id.* 624 A.2d at 816–17. (Emphasis in original).

Based on these formulations, we concluded that review under the substantial evidence standard was appropriate because both parties had presented evidence before the factfinder. The employer had offered the testimony of its medical expert that either the claimant's work-related injury had resolved or that any remaining disability was not work-related. On the other hand, the claimant, who was clearly competent to testify on the subject, presented his own testimony regarding his continuing pain.[5] The situation in *Iacono* is repeated here; thus, review must be conducted under the substantial evidence standard, and the WCAB erred in utilizing the capricious disregard standard for its review of the WCJ's decision.

Applying the proper scope of review, we conclude that the WCAB also erred in reversing the WCJ's denial of Employer's termination petition.[6] An employer seeking to terminate workers' compensation benefits bears the burden of proving either that the employee's disability has ceased, or that any current disability arises from a cause unre-

---

**4.** As this statement implies, capricious disregard is found when the factfinder ignores relevant, competent evidence; however, we hasten to add that, once having considered the evidence presented, the [WCJ] remains free to accept or reject it on credibility grounds.

**5.** We noted that, in a termination proceeding, a claimant has no burden to prove a causal connection between his disability and his work injury; therefore, it was irrelevant that the claimant was not competent to offer medical testimony on causation. Indeed, we recognized that the employer seeking to terminate benefits had to prove cessation of disability or a lack of causal connection between existing disability and the previously compensable injury. *Iacono.*

**6.** Even if we were to apply the capricious disregard standard, our result would not differ. In utilizing the capricious disregard standard, we first examine the record to determine whether the burdened party, Employer here, has met its burden as a matter of law; and, if not, we must affirm the agency's decision as a correct *legal* conclusion. Where, as here, the burdened party presents sufficient evidence as a matter of law, we then examine the basis for the adverse ruling and determine whether it stemmed from a specific credibility determination expressed by the factfinder against the burdened party or from the factfinder's error of law. In the latter case, we can reverse the agency; in the former case, we may affirm on the basis that the burdened party met its burden of production but failed in its burden to *persuade* the factfinder. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987).

Here, the WCJ made specific credibility determinations supporting his decision, crediting Claimant's testimony and explaining that he found Dr. Genovese–Stone's testimony to be incredible because it did not discount Claimant's continued symptoms of diffuse joint pain, fatigue or soft tissue pain. (WCJ's Findings of Fact, No. 14.) Thus, Employer clearly failed in its burden to persuade the factfinder. When Dr. Genovese Stone's testimony is discounted as incredible, Employer cannot sustain its burden of proof on its termination petition. *See Iacono.*

lated to the employee's work injury. *McGee v. L.F. Grammes & Sons Inc.*, 477 Pa. 143, 383 A.2d 864 (1978); *Giant Eagle Inc. v. Workmen's Compensation Appeal Board (Chambers)*, 161 Pa.Cmwlth. 35, 635 A.2d 1123 (1993).[7] Employer cannot satisfy either of these burdens.

■ As factfinder in workers' compensation proceedings, the WCJ has the power to determine which testimony to believe and which to disbelieve; he may accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Hess Bros. v. Workmen's Compensation Appeal Board (Gornick)*, 128 Pa.Cmwlth. 240, 563 A.2d 236 (1989). Indeed, we have held that a WCJ can give more credence to a claimant's testimony regarding incapacitating pain than to a doctor's testimony, *Victor's Jewelers v. Workmen's Compensation Appeal Board (Bergelson)*, 145 Pa.Cmwlth. 630, 604 A.2d 1127 (1992); *Hygrade Food Products v. Workmen's Compensation Appeal Board*, 62 Pa.Cmwlth. 448, 437 A.2d 89 (1981), and that testimony of such pain, if accepted by the WCJ, can support a finding of continued disability, thus defeating an employer's termination petition based on a cessation of the claimant's disability. *Victor's; Hygrade.* Here, the WCJ, in a proper exercise of his discretion, credited Claimant's testimony regarding the continued pain that prevented her return to work; consequently, Employer could not satisfy its burden of proving that Claimant's disability had ended. Nor could Employer meet its burden of proving that Claimant's current disability was not work-related. Dr. Genovese–Stone testified that Claimant's problems were not connected to the rabies shots required as a consequence of her work injury; this evidence, *if believed*, could have supported Employer's termination petition. However, because the WCJ rejected Dr. Genovese–Stone's testimony as incredible, Employer could not sustain its burden.

Further, it is apparent that the WCAB erred in reversing the WCJ's grant of Claimant's review petition on grounds that "Claimant's testimony was rebutted by the competent medical testimony of [Employer's] medical expert. ..." (WCAB op. at 5.) Clearly, testimony which has been properly rejected by the factfinder cannot act to rebut record evidence found credible by the WCJ, and, here, the WCJ concluded that Claimant's credible testimony provided evidence sufficient to meet her burden under the review petition. We agree. In fact, where, as here, the shots and resulting disability were the natural consequence of Claimant's work-related injury, Employer remains responsible for that disability. Accordingly, we reverse the WCAB's order and reinstate the decision of the WCJ.

### ORDER

AND NOW, this 6th day of January, 1998, the order of the Workers' Compensation Appeal Board, dated June 2, 1997, is hereby reversed and the order of the Workers' Compensation Judge, dated April 21, 1995, is reinstated.

termination action, the employer must disprove the claimant's existing, continuing right to benefits for the injury already established to be work-related; the claimant has no burden to prove anything at all. *Iacono.*