**JEANES HOSPITAL, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HASS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 10, 2003.

Decided Feb. 18, 2003.

Reconsideration/Reargument Denied April 14, 2003.

Leah Cilo, Philadelphia, for petitioner.

Patricia Farrell Kerelo, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Jeanes Hospital (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ) that denied Employer's petition to terminate the workers' compensation benefits of Shawn Hass (Claimant),

and granted Claimant's petition to review compensation benefits.

As summarized by the Board

Claimant ... was employed ... as a nurse. On August 31, 1995, Claimant suffered an injury during the course and scope of her employment. [Employer] accepted liability for the injury via a Notice of Compensation Payable dated October 4, 1995, which described Claimant's injury as "low back". On or about September 1, 1999, [Employer] filed a Termination Petition, alleging that Claimant had fully recovered from her work injury as of August 23, 1999. In addition, on or about September 21, 1999, Claimant filed a Review Petition, requesting that the Notice of Compensation Payable be amended to include Claimant's work-related shoulder injuries, fibromyalgia, thoracic outlet syndrome and depression.

Board Decision, p. 1.

Before the WCJ, Claimant presented the testimony of two medical experts who had treated her for pain and depression, beginning in 1998. Employer also presented the testimony of two medical experts. The WCJ found the testimony of Claimant's medical witnesses credible, and rejected the testimony of Employer's medical experts as not credible where it conflicted with the testimony of Claimant's experts. Based upon those credibility determinations, the WCJ found that the work related injuries Claimant sustained included "fibromyalgia and pain disorder with associated psychological and physical factors." (Finding of Fact No. 24.) The WCJ thereby concluded that the original Notice of Compensation Payable (NCP) contained a material mistake and amended the NCP to include those additional injuries. As noted above, the Board affirmed the WCJ's decision, and this appeal followed.

In its appeal, Employer raises the following issues: (1) Whether the WCJ erred as a matter of law in allowing Claimant to file a review petition to amend the original NCP; and (2) Whether the WCJ erred in denying Employer's termination petition because the evidence of record does not show that her recognized injury, i.e., low back, continues.[1]

■ Employer, relying upon this Court's decision in *A.T. & T. v. Workers' Compensation Appeal Board (Hernandez)*, 707 A.2d 649 (Pa.Cmwlth.1998), asserts that the WCJ erred because a claimant cannot file a review petition to seek an amendment to a voluntary admission on an NCP.

Employer points to language in a footnote of *A.T. & T.*, in which the Court stated, "[w]e note that the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736 *as amended*, 77 P.S. § 1–1041.4, makes no provision for a claimant to amend a notice of compensation payable to include an additional injury not admitted to by the employer at the time the employer initially issued the notice of compensation payable." 707 A.2d at 650, n. 2. The Court noted that the claimant in that case should have filed a claim petition in order to receive benefits for a hip injury that he alleged resulted from the injury noted in the original NCP. However, the Court excused the error because the Employer did not object to the petition, and because the record supported the relief the claimant sought.

---

1. This Court's standard of review in an appeal from a Board order is limited to determining whether constitutional rights were violated, an error of law was committed, and whether necessary factual findings are supported by substantial evidence. 2 Pa.C.S. § 704.

Claimant, in arguing that the Board properly affirmed the WCJ's amendment of the NCP, relies upon this Court's decision in *Campbell v. Workers' Compensation Appeal Board (Antietam Valley Animal Hospital)*, 705 A.2d 503 (Pa.Cmwlth. 1998), in which we noted that a claimant may seek revision of an NCP by means of a review petition (rather than a claim petition) when a claimant alleges a disability that arose as a natural consequence of the work-related injury recognized by an employer in an NCP.

The Court in *A.T. & T.* distinguished *Campbell*, noting that the injury at issue in *A.T. & T.*, did not involve a "disability that arose as a *natural consequence* of the work-related injury for which the employer already admitted liability in the [NCP]." 707 A.2d at 650 n. 2. The Court pointed out that the claimant in *A.T. & T.* alleged that "a hip injury resulted from the same work incident that caused the back sprain for which Employer had accepted responsibility in the [NCP]; however, Claimant does not contend that his aseptic necrosis of the hips occurred as a natural consequence of the back sprain or was, in fact, related to the back sprain in any way." *Id.* As noted above, we proceeded to consider the review petition, because the record supported the claimant's request for relief and the employer had not objected to the form of the petition. We nevertheless opined that, even in a fact scenario such as that in *Campbell*, a claimant should file a claim petition rather than a review petition.

The Board in this case addressed Employer's argument by noting that Section 413 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, (Act), 77 P.S. § 771, provides WCJs with the power to review, modify, or set aside an NCP, if a party seeking such alteration proves that the NCP was incorrect in any material respect. In specific response to Employer's argument that Claimant filed the wrong type of petition, the Board cited *Coover v. Workmen's Compensation Appeal Board (Browning–Ferris Industries)*, 140 Pa.Cmwlth.16, 591 A.2d 347 (1991), for the proposition that the form of petition a claimant files is not controlling when the facts warrant the relief sought.

We note initially, that, while a WCJ does have the power to amend an NCP, that power is limited. A WCJ may modify an NCP when a material mistake of law or fact has occurred; however, for Section 413 to apply, the alleged mistake must relate to a fact or condition that **existed** when the agreement expressed in the NCP was executed. *Yanik v. Pittsburgh Terminal Coal Corp.*, 150 Pa.Super. 148, 27 A.2d 564 (1942); *see also Waugh v. Workmen's Compensation Appeal Board (Blue Grass Steel)*, 558 Pa. 400, 737 A.2d 733 (1999). Thus, injuries that are related to an original work-related injury reflected in an NCP, but do not arise until a time subsequent to the original injury reflected in the NCP, cannot provide a WCJ with the power to amend the NCP description of a claimant's injury. Rather, when a work-related injury results in subsequent injuries that are the direct result of the original work-related injury, a claimant should file a claim petition rather than a review petition. The only exception to this general rule occurred in *Campbell*, in which the Court held that the claimant's disability arose as a natural consequence of the work-related injury. *Campbell*, 705 A.2d 503, 507.

In the present case, Employer asserts that the disability that Claimant seeks to add to the NCP did not exist at the time she sustained her original work injury. Nor, Employer asserts, does her disability constitute a natural consequence of her original work injury. As noted in Employer's brief, the record does not indicate that

Claimant had "fibromyalgia and pain disorder with associated psychological and physical factors" when she sustained her original low back injury at work. Additionally, the record does not indicate that Claimant's present disability is a natural consequence of her original work-related injury.

We must however, address the basis of the Board's affirmance of the WCJ's decision, that the form of petition filed does not preclude relief, if relief is otherwise warranted. The Court's decision in *Coover* was punctuated by concerns of prejudice, that is, whether a pleading unfairly prejudices a party who expects a proceeding to address one matter and ultimately addresses another. The Court held that a workers' compensation referee had erred in terminating a claimant's benefits when the employer in the proceeding had not specifically requested termination before the close of the hearing process. *Coover*, 591 A.2d at 350, 351.

In the present case, Claimant's original back injury occurred on August 31, 1995. However, Claimant never sought to amend the description of her injury on the NCP until after Employer filed its suspension/termination petition on or about September 1, 1999—four years after Claimant's original injury. In this case, both a review petition seeking an amendment to the NCP to add additional disabilities, and a claim petition asserting that Claimant has sustained additional injuries related to her original injury on August 31, 1995, likely would provide adequate notice to Employer as to the relief Claimant is seeking. However, as suggested by Employer in its brief, there are statutory reasons for rejecting the Board's application of *Coover* to this case. Under Section 315 of the Act, 77 P.S. § 602, "all claims for compensation shall be forever barred, unless, within three years after the injury, the parties

shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof." This Court has held that the time period for filing compensation claims commences with the date of original injury; it is not calculated from dates of subsequent injuries, even if subsequent injuries are causally related to the original work-related injury. *Viwinco v. Workmen's Compensation Appeal Board (Horner)*, 656 A.2d 566 (Pa.Cmwlth.1995).

■ Based upon this Court's decision in *A.T. & T.*, and Section 315 of the Act, 77 P.S. § 602, which establishes a statute of repose, we must conclude that the Board erred in affirming the WCJ's decision. A claimant seeking compensation benefits for disabilities that are related to, but distinct from, an injury described in an NCP must file a claim petition rather than a review petition. In this case, the record indicates that Claimant's fibromyalgia and pain disorder are conditions that did not exist at the time the Claimant and Employer entered the NCP. In such circumstances Claimant should have filed a claim petition. *A.T. & T.* The Board erred in affirming the·WCJ's decision granting Claimant's review petition.

■ Employer also contends that the Board erred in denying its termination petition. Employer argues that there is no evidence that shows that Claimant's low back injury—the injury recognized in the NCP—continues. Employer points to the testimony of Dr. Lipson, who opined that any remaining low back disability Claimant continues to experience is related to aging or other non-work-related issues.

■ In a termination petition an employer bears the burden of proving that a claimant's disability has ceased and that she has fully recovered from her work

injury. In this case, the WCJ rejected as not credible the testimony of Employer's medical experts, including Dr. Lipson. Specifically, the WCJ found as not credible Dr. Lipson's opinion that Claimant is fully recovered from her August 31, 1995 work injury. Employer points out that Claimant's medical expert never rendered an opinion as to whether Claimant's original low back disability still remains. Rather, his testimony related solely to whether Claimant now suffers from fibromyalgia, caused by her original work injury, which continues to preclude her from returning to work. Thus, Employer asserts that there is no competent medical testimony to show that Claimant continues to suffer from her low back disability.

■ However, despite the absence of testimony of Claimant's medical expert concerning her low back injury, Claimant herself testified that she continues to have low back pain. Although the WCJ determined that Dr. Lipson's testimony was not credible to the extent that his opinions differed from Claimant's medical experts, and, Claimant's medical expert did not render an opinion regarding her low back, the WCJ also specifically rejected Dr. Lipson's testimony that Claimant had fully recovered from her work injury, and 'accepted Claimant's testimony concerning her continued low back pain. A WCJ has the sole power to determine the credibility of witnesses. *Vols v. Workmen's Compensation Appeal Board (Alperin, Inc.)*, 161 Pa.Cmwlth.497, 637 A.2d 711 (1994).

Additionally, although Claimant's medical expert did not specifically testify as to Claimant's low back disability, the WCJ specifically found not only that "[t]he Claimant, as of August 23, 1999, was not fully recovered from her August 31, 1995 work injuries" (Finding of Fact No. 23), but also that "[t]he Claimant also sustained fibromyalgia and pain disorder with associated psychological and physical fac-

tors as a result of the August 31, 1995 work incident" (Finding of Fact No. 24). His findings thereby reflect the fact that the WCJ concluded that Claimant not only suffered from fibromyalgia, but also continued to be disabled because of her low back injury. By making those two distinct factual findings, the WCJ indicated that he not only believed that Claimant's NCP-described low back injury continued, but that she sustained subsequent injuries as well. Because there is no credible evidence to support Employer's termination petition, the WCJ did not err in denying that petition.

Accordingly, the decision of the Board is reversed as to Claimant's petition to review compensation payable, and is affirmed with regard to Employer's termination petition.

### *ORDER*

AND NOW, this 18th day of February 2003, the order of the Workers' Compensation Appeal Board is reversed with regard to Claimant's review petition, and is affirmed with regard to Employer's termination petition.