**Ivan ZUVICH, Petitioner**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (DEPARTMENT OF PUBLIC WELFARE/Bensalem Youth Development Center), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 26, 2004.

Decided July 28, 2004.

---

Anthony J. Sciolla, Jr., Elkins Park, for petitioner.

Audrey J. Copeland, Newtown, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by Ivan Zuvich (Claimant) from an order of the Workers' Compensation Appeal Board (WCAB), affirming the decision of a Workers' Compensation Judge (WCJ), which, *inter alia*, dismissed Claimant's petition to review a Notice of Compensation Payable (NCP). The NCP had recognized injuries of "right & left upper extremity fractures, scalp & facial lacerations, multiple contusions." In his petition to review, Claimant sought to amend the NCP to include "Head injuries which includes cognitive deficits, severe concussion, memory loss, closed head injury and post—traumatic headaches." The basis for the dismissal was the WCJ's conclusion that Claimant should have filed a new claim petition instead of a petition to review. On appeal, the parties ask us to decide whether Claimant's petition was properly brought as a petition to review under Section 413(a) of the Workers' Compensation Act[1] (Act), in which case it is not time barred, or whether it had to be brought as a new claim petition under Section 315 of the Act,[2] in which case it is time barred.

The WCJ made the following findings of fact. While employed as a counselor at the Bensalem Youth Development Center, Claimant suffered injuries on August 5, 1991, when he was "attacked by several juvenile inmates, and beaten with a baseball bat." (WCJ Adjudication, Findings of Fact (FOF) 1, 2.) Thereafter, Claimant began receiving temporary total disability benefits pursuant to an NCP for injuries which, as previously noted, were described in the NCP as "right and left upper extremity fractures, scalp and facial lacerations, multiple contusions." (FOF 2, Ex. J-1). The WCJ specifically credited the testimony of both of Claimant's experts, who opined that Claimant suffered cognitive difficulties as a result of his original work injury. (FOF 4.)[3] The deposition of Dr. DeAntonio, who treated Claimant during his hospital admission for the beating, is particularly relevant. According to this witness, Claimant's diagnosis when hospitalized, was "cerebral contusion, *cerebral concussion, post-concussive syndrome* and cervical radiculopathy." (Deposition of Dr. DeAntonio, pp. 12–13 (emphasis added).) Dr. DeAntonio stated that symptoms of post-concussive syndrome include headaches, vertigo, personality changes, cognitive deficits, such as memory problems, concentration problems, and "word finding" problems, as well as difficulties with visual and spatial skills and organization of tasks. (Deposition of Dr. DeAntonio, pp. 15–16.) This witness also specifically stated that Claimant has had ongoing

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771.

2. 77 P.S. § 602.

3. The experts were Clorinda Margolis, Ph.D, a clinical psychologist who treated Claimant and Sandra DeAntonio, M.D., a board eligible neurologist who also treated Claimant. This evidence came from depositions that had been submitted in the context of a modification petition filed by Employer and those depositions were re-submitted in this case.

problems with vertigo, concentration, memory loss and processing *since his 1991 injury.* (Deposition of Dr. DeAntonio, p. 32.) Employer submitted no contrary evidence.

The WCJ denied Claimant's petition to review, finding that it was time barred by Section 315 of the Act. (Conclusion of Law (COL) 2.) In so doing, he relied on *Jeanes Hospital v. Workers' Compensation Appeal Board (Hass)*, 819 A.2d 131 (Pa. Cmwlth.2003), *petition for allowance of appeal granted in part*, 574 Pa. 408, 831 A.2d 1159 (2003), for two propositions: 1) that "a Review Petition may raise only injuries, which are a natural consequence of the original work injury" (COL 2); and 2) that "injuries that are related to an original work injury, but do not arise until some time subsequent, thereto, may be subjected to the time provisions of Section 315 of the Act." (COL 2).

Claimant appealed arguing that he was requesting the WCJ to add the injuries to the NCP because the NCP was incorrect at the time it was issued; however, the WCAB affirmed, also relying on *Jeanes Hospital*, and reasoning that Claimant was "seeking benefits for disabilities that were related to, but distinct from, the injury described in the NCP." (Board Adjudication, p. 4.) Claimant now appeals to this Court.[4]

On appeal, the single issue raised is whether the WCJ and WCAB erred in concluding that Claimant's petition was time barred under Section 315 of the Act and this Court's decision in *Jeanes Hospi-*

tal. However, we conclude that an analysis of Section 315 and *Jeanes Hospital* is not necessary because Claimant's situation fits within the plain language of Section 413 of the Act. That Section pertinently provides:

> A workers' compensation judge may, **at any time,** review and modify or set aside a notice of compensation payable and an original or supplemental agreement ... if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

(Emphasis added.)

As already noted, Dr. DeAntonio testified that Claimant, upon his admission to the hospital for the beating, was diagnosed with, *inter alia,* a cerebral concussion and post-concussive syndrome, the latter of which causes memory problems, cognitive defects and headaches. Thus, the NCP, which recognized only "right and left upper extremity fractures, scalp and facial lacerations, multiple contusions," was materially incorrect because it omitted the concussion and post-concussion injuries, *despite the fact that they were part of Claimant's original diagnosis.* For this reason, the petition to review the NCP should have been granted and the WCJ and WCAB erred in failing to do so.

Therefore, we reverse the order of the WCAB.[5]

### ORDER

**NOW,** July 28, 2004, the order of the Workers' Compensation Appeal Board in

---

4. Our scope of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence and whether an error of law or a constitutional violation occurred. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe),* 571 Pa. 189, 812 A.2d 478 (2002). In addition, the "capricious disregard" of evidence standard of review is now a component

of appellate consideration in any administrative agency adjudication where that question is properly brought before the Court. *Id.*

5. Given that the WCJ made the requisite credibility determinations regarding the expert testimony, a remand for consideration of the matter under Section 413 is not required.

the above-captioned matter is hereby reversed.