**MEADOW LAKES APARTMENTS,**
Petitioner

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (SPENCER),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 30, 2005.

Decided March 10, 2006.

John P. Meyers, Philadelphia, for petitioner.

Jack B. Katz, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

Meadow Lake Apartments (Employer) petitions for review of a decision of the Workers' Compensation Appeal Board (Board) which reversed the decision of the Workers' Compensation Judge (WCJ), thereby granting Fred Spencer's (Claimant) review petition to expand the description of an accepted injury. For the following reasons, we affirm.

In November 1997, Claimant, a carpenter, sustained a severe right knee injury in the course of his employment. Employer accepted the injury as compensable. It issued an NCP describing the injury as a medial meniscal tear of the right knee. Claimant's injury was further described in a supplemental agreement as "Grade II chondromalacia." Reproduced Record (R.R.) at 2a.

Among various proceedings between the parties, Claimant filed a review petition in February 2001, alleging that his condition worsened and that the NCP incorrectly described his injury. Claimant sought to expand the description to include "medical [sic] meniscal tear right knee, right foot,

right hip, low back and left knee." Certified Record (C.R.); Review Petition. Employer filed an answer denying Claimant's allegations.

Claimant testified and submitted the deposition of one of his orthopedic surgeons, Dr. Roy Lefkoe (Claimant's Physician). Claimant stated he had three surgeries on his right knee following the work injury and continues to receive follow-up treatment. He further stated that as a result of the work accident he was having problems with his left knee, right hip and low back.

Claimant's Physician testified he began treating Claimant in June 1999. The doctor also reviewed Claimant's records, including his surgical reports and diagnostic testing related to his work injury. As a result of Claimant's right-knee injury and related surgeries, Claimant's Physician explained, Claimant placed more stress on his left knee. His left knee had to do twice as much work. Consequently, it became symptomatic. Claimant also complained of low back and hip pain related to his abnormal gait.

Claimant's Physician admitted he mentioned these additional conditions in the "present complaints" section of his reports rather than in the "diagnosis" section. He explained his reason for reporting these injuries in this manner:

> I know from experience that every time I try to add something new on the diagnosis section that is not part of [Claimant's] accepted work injury, I get a note back saying that they're not going to pay for the entire visit. So I've learned not to do that.

R.R. at 103a–04a.

Significant for present purposes, the WCJ expressly accepted Claimant's evidence as credible. He specifically found Claimant established that his right-knee

injury resulted in pain in his left knee, low back and hip area. WCJ Dec., Finding of Fact (F.F.) No. 5. However, the WCJ noted Claimant's Physician did not sufficiently define the pain or present any medical diagnosis.[1] He further noted Claimant's Physician did not prescribe any treatment for the left knee, low back and hip areas. WCJ Dec., F.F. No. 6. The WCJ found Claimant's Physician's testimony "supports Claimant's symptoms of pain from the initial injury, but does not establish new injuries." *Id.*

On appeal, the Board determined the WCJ erred in concluding Claimant failed to prove additional injuries.[2] Therefore, the Board amended the NCP to include Claimant's overuse injuries. Employer petitions for review.[3]

Employer contends the Board usurped the WCJ's function by finding additional injuries. It maintains the Board should have limited its inquiry to whether the WCJ's findings were supported by substantial evidence. Claimant's Physician, Employer asserts, made no specific diagnoses of additional injuries and did not prescribe any course of treatment for them.

Employer also contends Claimant, in his brief to the Board, improperly attached materials related to overuse syndrome.[4] Employer claims overuse syndrome was not discussed in the record or raised before the WCJ.

▆▆▆ Section 424 of the Workers' Compensation Act (Act)[5] vests the Board with the final authority to make conclusions of law. *Carmen Paliotta Gen. Constr. v. Workmen's Comp. Appeal Bd. (Tribuzio),* 107 Pa.Cmwlth.143, 528 A.2d

---

1. Specifically, the WCJ stated:
   No discrete medical condition was offered as to the left knee, low back or hip area. There has been no evidence presented to establish that Claimant's pain, a *symptom,* has resulted in any definable *medical diagnosis or injury.* Absent greater medical exactitude to define the nature of the condition as related to the left knee, low back or hip, Claimant does not establish an *injury. Although Claimant's symptoms of pain in various areas of the body are related to the work injury to the right knee, the pain symptoms do not, by themselves, under this record, constitute "new injuries" separate and apart from the accepted original injury;* here, there has been a failure in the proofs presented....
   WCJ Dec., F.F. No. 5.

2. In reversing the WCJ, the Board noted that [Claimant's Physician] testified that Claimant's pain resulted from his opposite joint having to do twice as much work and from his abnormal gait. Overuse syndrome is defined as an injury to musculoskeletal tissues resulting from repeated movement ... overuse, incorrect posture, or sustained force or vibration. Because of Claimant's inability to use his right knee, his left knee, right hip, and low back have subsequently

became [sic] symptomatic; the new injuries clearly relate to Claimant's original right knee injury. [Claimant's Physician] also testified that the medication given to Claimant for ... his right knee would also help to alleviate the symptoms Claimant was suffering as a result of the overuse syndrome. Bd. Dec. at 5 (footnote omitted).

3. This Court's review of a Board decision is limited to determining whether the findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.),* 873 A.2d 25 (Pa. Cmwlth.2005).

4. Claimant attached a discussion of overuse syndromes in AM. ACAD. OF ORTHOPEDIC SURGEONS, ESSENTIALS OF MUSCULO-SKELETAL CARE (2d ed.2001), pp. 62–64. The Board did not refer to this material, but cited the definition of overuse syndrome in Taber's Cyclopedic Medical Dictionary 1376 (18th ed.1997). *See* R.R. at 67a–72a; Board Dec. at 5.

5. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 855.

274 (1987). Those conclusions are reviewable by this Court. *Id.* Whether the facts found by the WCJ reflect that a party has met its burden of proof in a workers' compensation proceeding is a conclusion of law. *Id.*

■ Employer styles the present issue as one of proof of "injury." However, the facts here are not at issue. The WCJ accepted Claimant's evidence. Instead, our focus is on the legal conclusion of whether Claimant satisfied his burden of proof. We review the Board's decision, and our review of a question of law is plenary. *Jeanes Hosp. v. Workers' Comp. Appeal Bd. (Hass)*, 582 Pa. 405, 872 A.2d 159 (2005).

Section 301(c)(1) of the Act states in pertinent part, "[t]he terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto ...." 77 P.S. § 411(1). "Injury" is not defined beyond the emphasis that the condition must be related to employment.

Our appellate courts decline to define the term in more detail, instead concentrating on the question of whether the injury is related to the employment. *See Workmen's Comp. Appeal Bd. (Squillacioti) v. Bernard S. Pincus Co.*, 479 Pa. 286, 388 A.2d 659 (1978)(no technical definition of "injury" warranted, standard dictionary or common speech definition adequate for purposes of Act); *Jackson Twp. Volunteer Fire Co. v. Workers' Comp. Appeal Bd. (Wallet)*, 140 Pa.Cmwlth.620, 594 A.2d 826 (1991)("injury" broadly defined to encompass all work-related harm including any hurtful or damaging effect which may be suffered by anyone); *Barnes and Tucker Co. v. Workmen's Comp. Appeal Bd. (Sewalish)*, 40 Pa.Cmwlth.152, 396 A.2d 900 (1979)("injury" under Act must be given liberal construction); *Workmen's Comp. Appeal Bd. (Young) v. Bethlehem Steel Corp.*, 23 Pa.Cmwlth.454, 352 A.2d 571 (1976)(injury need not be pinpointed to specific event or definable incident so long as the injury arises in the course of employment and is related thereto).

Merriam–Webster's Collegiate Dictionary 601 (10th ed.2001) defines "injury" as follows:

**1 a:** an act that damages or hurts: WRONG **b:** violation of another's rights for which the law allows an action to recover damages **2:** hurt, damage, or loss sustained[.]

■ Considering the foregoing, we are aware of no authority that requires a worker's compensation injury to carry a professional diagnosis or descriptive tag. As discussed hereafter, pain itself, if causally related to employment, may be compensable under the Act as an injury. The presence of a diagnosis may impact the credibility of testimony addressing the existence of pain or its relationship to employment, but it is not a legal precondition. The WCJ fell into error when he concluded otherwise. Concomitantly, the Board did not err when it reached a different conclusion than that reached by the WCJ. Section 424 of the Act, 77 P.S. § 855; *Carmen Paliotta Gen. Constr. See Aument v. Workers' Comp. Appeal Bd. (Flexsteel Indus., Inc.)*, 720 A.2d 1095 (Pa. Cmwlth.1998) (Board may arrive at different legal conclusion than WCJ; this is not fact-finding).

Our Supreme Court recently discussed the process by which the description of a compensable injury is expanded to embrace conditions related to the original injury but manifesting themselves later. In *Jeanes Hospital,* an injured worker brought a petition to review an NCP seeking to add later developing conditions, in-

cluding fibromyalgia. The Court permitted the expansion of the injury description to include this subsequent condition. Significantly, the Court concluded that increased levels of pain made reinstatement of earning capacity less likely, and the accepted medical opinions established a causal relationship between the condition and the original injury. The Court explained its legal analysis in this way:

> The import of [Section 413(a) of the Act, 77 P.S. §§ 771, 772, 773] is clear. The WCJ may amend an NCP if it is materially incorrect or if the disability status of the injured employee has changed. An NCP is materially incorrect if the accepted injury (or injuries) does not reflect all of the injuries sustained in the initial work incident. Conversely, and also covered by Section 413(a), injuries that result or flow from the original injury, represent an increase in disability.

*Id.* at 418–19, 872 A.2d at 167 (footnote omitted).

*Jeanes Hospital* assists our analysis in two ways. First, it directs our attention to the crucial issue of whether the condition in question results or flows from the original injury. Second, it informs us that believable complaints of pain can support enlargement of the accepted injury.

■ Here, Claimant's Physician testified Claimant suffered pain in other areas as a result of his abnormal gait following severe right knee injury and multiple surgeries. The fact-finder accepted this testimony. Under these circumstances, the Board did not err in concluding the subsequent conditions were sufficiently related to the accepted injury to support expansion of the injury description.

As to the complaints of pain, an instructive case is *Campbell v. Workers' Comp. Appeal Bd. (Antietam Valley Animal Hosp.)*, 705 A.2d 503 (Pa.Cmwlth.1998).

In that case, the claimant, an animal hospital worker, was bitten on her thumb by a kitten. As a result, she received a series of rabies shots which made her sick. An NCP was issued describing her injury as a bite. Among other petitions, the claimant filed a review petition to revise the description of injury to include "persistent diffuse joint and soft tissue pain and weakness secondary to ... rabies shots." *Id.* at 504. The only evidence to support the claimant's review petition was her own testimony about the pain. No physician offered a diagnosis, and her condition was not labeled further. Because the fact-finder accepted the claimant's testimony about pain, this Court permitted the expansion of the injury as requested.

*Campbell* controls here. As in *Campbell,* testimony of pain was accepted by the fact-finder. As in *Campbell,* no medical diagnosis for the pain was offered. As in *Campbell,* the condition was causally related to the accepted work injury. As in *Campbell,* this evidence is sufficient as a matter of law to justify expansion of the injury.

Employer also contends the Board's decision improperly rewarded Claimant where his medical witness circumvented the Act by hiding his diagnosis in order to get his bill paid. It argues Claimant's Physician failed to abide by the processes and procedures outlined in Section 306(f.1) of the Act, 77 P.S. § 531, which governs payment for medical services. As a result, Employer maintains its workers' compensation insurance carrier was prevented from knowing the true nature of Claimant's condition or treatment. Employer thus claims its carrier was prevented from determining what treatment should be paid and what treatment should be challenged. Consequently, Employer argues

the WCJ correctly concluded Claimant proved no new injuries.

■ We reject this argument for several reasons. First, as previously discussed, a hurtful or damaging effect of an accepted work injury does not need a special label before it is compensable. Second, this argument improperly invites us to revisit the WCJ's decision to believe Claimant's Physician. Such a credibility determination is exclusively for the fact-finder, not this Court. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.),* 873 A.2d 25 (Pa.Cmwlth.2005). Third, Claimant's Physician's decision to reference additional conditions in the "present complaints" section rather than the "diagnosis" section of his reports does not support forfeiture. Those reports clearly indicated Claimant complained of left knee and back pain as a result of favoring his right knee. *See* C.R., Claimant's Ex. CS–2. Employer was not misled as to Claimant's condition.

■ Finally, we turn to Employer's complaint that Claimant's condition was improperly labeled as "overuse syndrome" by the Board. As previously discussed, the Board properly reversed the WCJ's conclusion as to the existence of an expanded "injury" under the Act. However, the Board went further and amended the NCP "to include overuse syndrome of the left knee, right hip and low back." Bd. Dec. at 6. While this is a fair inference from the accepted medical testimony, it is not the Board's function to draw inferences or otherwise find facts. It is, however, proper to amend the NCP to include the conditions specifically found by the WCJ to flow from the work injury: "the work related right knee work [sic] injury has resulted in 'pain' in the left knee, low back and hip area." WCJ Dec., F.F. No. 5. We therefore so modify the Board's order.

In sum, we hold the Board did not err in reversing the WCJ's conclusion that Claimant failed to prove additional maladies related to his original work injury. Accordingly, we affirm as modified.

### ORDER

AND NOW, this 10th day of March, 2006, the order of the Workers' Compensation Appeal Board is **AFFIRMED,** as modified, and the NCP is amended to add "pain in the left knee, low back and hip area."