IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Snyder Memorial Health Care     :
Center (Windsor, Inc.) and Synergy   :
Claims Management Company,      :
              Petitioners     :
                       :
                       :   No. 81 C.D. 2016
          v.            :
                       :   Submitted:  July 8, 2016
Workers' Compensation  Appeal     :
Board (Rogers),                :
              Respondent    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED:  February 16, 2017

Snyder Memorial Health Care Center (Windsor, Inc.) and Synergy Claims Management Company (collectively, Employer), petition for review of the December 21, 2015 decision of the Workers' Compensation Appeal Board (Board), affirming the order of a workers' compensation judge (WCJ) that denied Employer's petition to suspend the compensation benefits of Marlin Rogers (Claimant) on the basis that he voluntarily removed himself from the workforce and reinstated Claimant's total disability benefits effective April 20, 2012.

## Facts and Procedural History

Employer employed Claimant as a maintenance supervisor. In the course and scope of his employment on January 27, 2011, Claimant sustained a laceration to his head and left hand, a low back contusion, and a non-displaced fracture of his fourth left toe when the ladder he was climbing broke, causing him to fall. These injuries were recognized by Employer in a notice of compensation payable and Claimant received total disability benefits. Claimant attempted to return to work with Employer on at least two occasions but could not perform the work because of ongoing complaints of pain. During these times, Claimant's benefits were modified and reinstated. Between November 2011 and January 2012, Employer filed multiple petitions seeking to terminate/modify/review Claimant's compensation benefits and Claimant filed a review petition as well as a challenge petition to a notification of suspension/modification filed by Employer. These petitions were assigned to, and resolved by, the WCJ and are not currently at issue. (WCJ's 10/31/12 Decision, Findings of Fact Nos. 1-2.)

## Employer's Suspension Petition

On April 20, 2012, after another failed attempt to return to work, Claimant advised Pamela Lindberg, Employer's maintenance director, by letter of his intent to retire. Employer subsequently filed a petition to suspend Claimant's compensation benefits based upon Claimant's voluntary withdrawal from the workforce. This matter was assigned to and heard by the WCJ at the same time as the aforementioned petitions. (WCJ's 10/31/12 Decision, Finding of Fact No. 1.)

Employer presented the testimony of Lindberg, who stated that Claimant returned to work for a brief period in June 2011, and again on December 5, 2011, and that full-time work remained available to Claimant as of February 23,

2

2012, the date on which she testified. Employer also presented the deposition testimony of Richard Kasdan, M.D., a board-certified neurologist. Dr. Kasdan performed an independent medical examination of Claimant on June 28, 2011, and opined that Claimant had fully recovered from his work injuries and could return to his pre-injury position with Employer with no restrictions. (WCJ's 10/31/12 Decision, Findings of Fact Nos. 3, 6-7.)

Claimant testified that he attempted to return to work, but had to leave early periodically due to pain in his back and underneath his right shoulder blade, as well as problems with his leg. Claimant stated that his doctor removed him from work in January 2012. Claimant testified that he returned to work in March 2012 but advised Lindberg on April 20, 2012, of his intent to retire because he was tired of recommendations and orders from his doctor not being followed and rumors that he was faking his condition.[1] Claimant explained that his job duties exceeded the restrictions imposed by his doctor, who wanted Claimant to work a sedentary desk position which Employer did not have available. Claimant noted that he would like to be gainfully employed, but acknowledged that he had not looked for work because he believed his condition had gotten worse, and he has constant pain in his back and occasional pain down his legs. (WCJ's 10/31/12 Decision, Findings of Fact Nos. 4, 8, 10.)

Claimant submitted the deposition testimony of his treating physician, Paul Lieber, M.D., who is board-certified in physical medicine and rehabilitation. Dr. Lieber began treating Claimant on July 1, 2011, at which time he diagnosed Claimant as suffering from a lumbar strain/sprain and radiculopathy. He released

---

[1] Indeed, in his April 20, 2012 resignation letter to Lindberg, Claimant advised that he was retiring "due to [his] physical conditions." (Reproduced Record (R.R.) at 309.)

3

Claimant to return to full-time light duty work on November 16, 2011, but one month later limited Claimant to working six hours per day, five days a week, based on Claimant's reports of pain. As of February 28, 2012, Dr. Lieber opined that Claimant could perform full-time, sedentary work, which he explained was less burdensome than light-duty work. (WCJ's 10/31/12 Decision, Finding of Fact No. 9.)

### WCJ and Board Original Decisions

The WCJ ultimately denied Employer's suspension petition. The WCJ accepted the testimony of Claimant, Lindberg, and Dr. Lieber as credible, and rejected the testimony of Dr. Kasdan as not credible. The WCJ stated that he was denying the suspension petition because the evidence does not reflect that Claimant's earnings were equal to or in excess of his time-of-injury wages. The WCJ did not address Employer's allegation that it was entitled to a suspension because Claimant had voluntarily removed himself from the workforce.

On appeal, the Board remanded to the WCJ for consideration of this issue, noting the WCJ's findings that Claimant had retired effective April 20, 2012, had not been looking for work since that time, and had no present intention of seeking work. The Board further directed the WCJ to consider our Supreme Court's decision in *City of Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 67 A.3d 1194 (Pa. 2013), which was rendered subsequent to the WCJ's decision and order and outlines the burden of proof to be applied in cases where the claimant has allegedly retired from the workforce.

### WCJ and Board Remand Decisions

On remand, the WCJ first noted that counsel for Claimant sought to introduce new evidence that Claimant had been granted Social Security Disability

4

Benefits retroactive to January 27, 2011, the date of his work injury, but that he could not accept that evidence because such was not directed in the Board's remand order. The WCJ concluded that nothing in the *Robinson* case changed his decision on Employer's suspension petition because Claimant was totally disabled as of April 20, 2012, the date of his retirement, and was not capable of performing alternative duty work that Employer made available to him. The WCJ found that Claimant's total disability recurred as of that date. (WCJ's 11/5/14 Decision, Finding of Fact No. 3, Conclusion of Law No 9.)

The WCJ noted that nothing in *Robinson* says that a person who stops working because he is totally disabled and cannot perform any alternative duty work should be suspended merely because he filed for old age retirement benefits and is not looking for work. To the contrary, the WCJ noted that there is no obligation to look for work when a claimant is totally disabled from all forms of employment due to a work injury, as Claimant is here. The WCJ stressed that Claimant made repeated attempts to return to specially-created jobs made available by Employer. Under the totality of the circumstances test outlined in *Robinson*, the WCJ concluded that Employer was not entitled to a suspension since Claimant's work-related injury forced him out of the entire workforce and he is not looking for work because he is unable to work. (WCJ's 11/5/14 Decision, Conclusion of Law No 9.)

Employer appealed to the Board, which affirmed the WCJ's decision on remand. The Board first noted that the WCJ did not make any new credibility findings in his remand decision; hence, his original findings accepting the testimony of Claimant, Lindberg, and Dr. Lieber as credible remained intact. The Board stated that Employer had the initial burden of establishing that Claimant voluntarily withdrew from the workforce, but that Claimant had credibly testified that he had

5

retired, not because he wanted to leave the workforce, but because he did not feel that his restrictions were being accommodated. The Board also referenced Claimant's testimony that he did not presently feel as though he could work due to his pain and restrictions. Since Claimant's credible testimony established that he did not voluntarily withdraw from the workforce, but rather left the workforce because of his work injury, the Board concluded that the WCJ did not err in denying Employer's suspension petition. Employer thereafter filed a petition for review with this Court.

## Discussion

On appeal,[2] Employer first argues that the Board erred in affirming the WCJ's decision denying its suspension petition because the evidence of record establishes that Claimant voluntarily withdrew from the workforce and Claimant's subjective beliefs regarding his ability to perform available work cannot support a finding of total disability. For the reasons that follow, we disagree with Employer's arguments.

Our Supreme Court discussed the burden in voluntary retirement cases in *Robinson*, explaining as follows:

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact were supported by substantial evidence. *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006). In addition, review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002). Capricious disregard of the evidence exists "when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result." *Station Square Gaming L.P. v. Pennsylvania Gaming Control Board*, 927 A.2d 232, 237 (Pa. 2007).

> Where the employer challenges the entitlement to continuing compensation on grounds that the claimant has removed himself or herself from the general workforce by retiring, the employer has the burden of proving that the claimant has voluntarily left the workforce. There is no presumption of retirement arising from the fact that a claimant seeks or accepts a pension, much less a disability pension; rather, the worker's acceptance of a pension entitles the employer only to a permissive inference that the claimant has retired. Such an inference, if drawn, is not on its own sufficient evidence to establish that the worker has retired - the inference must be considered in the context of the totality of the circumstances. The factfinder must also evaluate all of the other relevant and credible evidence before concluding that the employer has carried its burden of proof.

> If the employer produces sufficient evidence to support a finding that the claimant has voluntarily left the workforce, then the burden shifts to the claimant to show that there in fact has been a compensable loss of earning power. Conversely, if the employer fails to present sufficient evidence to show that the claimant has retired, then the employer must proceed as in any other case involving a proposed modification or suspension of benefits.

67 A.3d at 1209-10.

The Supreme Court further explained that "[i]f an employer is convinced that a claimant has retired, the employer may present evidence to establish that status. . . . [T]he employer may do so by objective facts, including the claimant's receipt of a pension, the claimant's own statements relating to voluntary withdrawal from the workforce, and the claimant's efforts or non-efforts to seek employment." *Id.* at 1210. A claimant may defeat the suspension of benefits by establishing a compensable loss of earning power through evidence that he is seeking work or that his work-related disability has forced him to withdraw from the workforce. *Id.*; *Day v. Workers' Compensation Appeal Board (City of Pittsburgh)*, 6 A.3d 633, 641 (Pa.

7

Cmwlth. 2010), *appeal denied*, 81 A.3d 79 (Pa. 2013). Here, Claimant admitted that he was not looking for work; hence, he had to establish that his work-related disability has forced him to withdraw from the workforce.

We have stressed that, in such cases, a claimant must show that he was forced out of the entire labor market, and not just his pre-injury job. *Pries v. Workers' Compensation Appeal Board (Verizon Pa.)*, 903 A.2d 136, 143 (Pa. Cmwlth. 2005), *appeal denied*, 923 A.2d 412 (Pa. 2007).[3] Moreover, in both *Day* and *Pries*, we held that suspensions were appropriate where the claimants admitted that they were not looking for work and they failed to present medical evidence establishing that their work injuries rendered them incapable of performing any work, i.e., forced them out of the entire workforce. In *Day*, the claimant sustained an injury to his neck which required surgery. The claimant eventually returned to his pre-injury position but he could not perform the same. The employer then moved the claimant to different modified, light-duty positions, but he was eventually laid off. The claimant subsequently received unemployment compensation benefits and looked for light-duty jobs, but was unable to find any. When his unemployment benefits ceased, the claimant stopped looking for work and applied for and received Social Security old age benefits, as well as a pension from the employer. The claimant also received total disability workers' compensation benefits. Following an independent medical examination which determined that the claimant was capable of performing medium-duty work, the employer sent the claimant a notice of ability to return to work. The employer later filed a suspension petition alleging that the claimant had voluntarily withdrawn from the workforce.

---

[3] While we referenced a claimant's pre-injury job in *Pries*, we believe that said rationale applies equally where, as here, Claimant had returned to a light-duty job.

Before the WCJ, the claimant stated that he believed he could perform custodial work of the type he had previously performed for the employer. He acknowledged that he stopped looking for work after he began receiving his pensions and that he had in fact been released to return to work with restrictions. The claimant did not introduce any medical evidence. The WCJ granted the employer's suspension petition, concluding that the claimant had voluntarily removed himself from the workforce. The claimant appealed to the Board, which affirmed. On appeal to this Court, the claimant argued that the WCJ and the Board improperly shifted the burden to him to show that he was still looking for work when the burden remained with the employer to show that suitable jobs were available within his restrictions.

We rejected the claimant's argument, noting that an employer was not required to prove the availability of suitable work when a claimant voluntarily removes himself from the labor market through retirement. Rather, in such a case, we stated that the claimant must show that he was looking for work after retirement or that the work injury forced him out of the entire workforce. In affirming the Board, we emphasized that the claimant had been working in a light-duty position for the employer prior to his layoff and retirement, that he admitted that he stopped looking for work after he began receiving his pensions, and that he presented no medical evidence to support a finding that he was not capable of performing any work.

In *Pries*, the claimant suffered work-related injuries to his back which were acknowledged by the employer and for which he received total disability benefits. The claimant later returned to work for one day so that he could retire and receive a $60,000.00 retirement package offered by the employer. As part of his retirement paperwork, the claimant submitted a letter voluntarily withdrawing from

9

employment. The employer thereafter filed a suspension petition alleging that the claimant had voluntarily withdrawn from the workforce. Before the WCJ, the claimant explained that he had to return to a light-duty job for at least one hour on one day to receive the employer's retirement package and that he convinced his doctor to provide him with a note indicating that he could perform such work. The claimant stated that he felt pressured because he only had two weeks to decide whether to accept the retirement package. However, the claimant admitted that he had not looked for work after his retirement. The claimant presented testimony from his treating physician, who opined that the claimant could not perform his pre-injury job. The physician corroborated the claimant's testimony regarding the note for light-duty work. The employer presented a medical expert who opined that the claimant was capable of performing light-duty work with restrictions.

The WCJ denied the employer's suspension petition, concluding that the claimant was forced into retirement. The WCJ credited the testimony of the claimant and his physician, as well as the testimony of the employer's medical expert. However, the employer appealed to the Board, which reversed the WCJ's decision. The Board reasoned that the claimant failed to establish that he was forced out of the entire workforce. The Board noted that the employer's expert had released the claimant to return to light-duty work and the claimant offered no evidence that he was unable to perform such work. On appeal to this Court, the claimant argued that the Board improperly shifted the burden to him to prove that he did not voluntarily remove himself from the entire labor market.

We rejected this argument. We noted that the claimant acknowledged that he had not sought employment since he left his pre-injury position or since he retired. We also noted the credible testimony of the employer's expert that the

10

claimant was capable of performing light-duty work. Citing *Shannopin Mining Company v. Workers' Compensation Appeal Board (Turner)*, 714 A.2d 1153, 1155 n.5 (Pa. Cmwlth. 1998), we recognized that:

> [T]here may be circumstances where a claimant may be forced to retire from his or her time-of-injury job due to a work-related injury, but may not be disabled from other type of work. In that situation, the claimant must show that he or she has not voluntarily withdrawn from the entire *labor market* and is open to employment within his or her physical capabilities in order to be entitled to benefits under the [Act].

*Pries*, 903 A.2d at 143-44 (emphasis in original). Ultimately, we held that the claimant had failed to offer any evidence that he was forced to withdraw from the labor market due to his work injury.

The facts of the present case are similar to the facts of *Day* and *Pries*. Similar to the claimants in those cases, Claimant here admitted that he had not looked for work subsequent to his retirement. Additionally, at the time of his retirement, Claimant had been released to perform sedentary work by his own treating physician, Dr. Lieber, and was in fact working at a modified job offered by Employer. Further, Claimant failed to present any medical evidence that he was incapable of performing this modified job or that his work injuries had forced him out of the entire labor market. While the WCJ made a finding to this effect, this finding was based on Claimant's own testimony regarding his perceived worsening of his condition to the point that he could no longer work at all. However, Claimant's testimony alone is not sufficient to support such a finding.

Because Claimant admitted that he was not looking for work after his retirement and the WCJ's finding that Claimant's work-related disability forced him to withdraw from the entire workforce was not supported by substantial evidence,

11

Claimant failed to establish that he had not voluntarily withdrawn from the workforce. Thus, the Board erred in affirming the WCJ's decision denying Employer's suspension petition.[4]

Accordingly, the order of the Board is reversed.[5]

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] We note that Claimant has filed a motion, opposed by Employer, to supplement the record to include the decision of the Social Security Administration granting him Social Security disability benefits. However, given the different standards applicable under federal law and the fact that this decision was not considered by the WCJ or the Board, we deny Claimant's motion.

[5] In light of our disposition above, we need not address Employer's remaining arguments relating to the WCJ's purported capricious disregard of the evidence or the WCJ's failure to issue a reasoned decision.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Snyder Memorial Health Care     :
Center (Windsor, Inc.) and Synergy  :
Claims Management Company,     :
             Petitioners     :
                           :   No. 81 C.D. 2016
         v.              :
                           :
Workers' Compensation  Appeal   :
Board (Rogers),                  :
             Respondent    :

## ***ORDER***

AND NOW, this 16th day of February, 2017, the order of the Workers' Compensation Appeal Board, dated December 21, 2015, is hereby reversed.  The motion of Marlin Rogers to include in the record the decision of the Social Security Administration granting him disability benefits is denied.

_____
PATRICIA A. McCULLOUGH, Judge