578 A.2d 1016

Shirley BERARDELLI, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (BUREAU OF PERSONNEL STATE WORKMEN'S INSURANCE FUND), Respondents.

Commonwealth Court of Pennsylvania.

Submitted June 22, 1990.

Decided Aug. 17, 1990.

---

2. We also note that this notice was not mailed within the six month time requirement of 42 Pa.C.S. § 5522.

Todd J. O'Malley, O'Malley & Langan, for petitioner.

Gregory D. Geiss, Dougherty, Mundy, Leventhal & Price, for respondents.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Shirley A. Berardelli (Claimant) presents a petition for review of an order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's decision awarding disability benefits. We affirm.

Claimant has been employed as a file clerk with the State Workmen's Insurance Fund (Fund) in Scranton, Pennsylvania, since November 1979. Her duties include typing, filing forms, and conducting claimant investigations through mail and telephone correspondence.

Sometime in 1986, Claimant, as well as the entire Fund office, began experiencing a gradual increase in work load. About the same time, Claimant became prone to spontaneous crying outbursts and attacks of anxiety. By 1987, Claimant had developed a new set of psychological symptoms, different from her pre-existing recurrent mental condition, which had lasted nearly fourteen (14) years.

Claimant continued to work for the Fund until April 4, 1987 when her continuing psychiatric treatment under Dr. Cyril M. J. Puhalla, M.D. intensified, leading to her hospitalization on April 30, 1987. On September 16, 1987, Claimant filed a claim petition under the provisions of The Pennsylvania Workmen's Compensation Act[1] (Act) alleging not an aggravation or a recurrence but the causation of a new injury, and describing its nature as severe stress/severe anxiety. Claimant contends her injury occurred as a result of the "tremendous" increase in her work load. Claimant returned to work for the Fund on October 2, 1987 and seeks benefits from April 16, 1987 until October 1, 1987.

The Fund filed a timely answer denying the allegations in Claimant's claim petition. The referee found, in his decision of September 16, 1988, that "as a result of the increased work load, pressures and stresses of her job and delays

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

caused by the backlog, which were not the normal work environment, [C]laimant suffered a traumatic stress disorder causally related to her work" and granted benefits.

On September 23, 1988, the Fund filed a timely appeal with the Board. The Board reversed the referee on the following grounds: Claimant failed to prove that the events leading to her condition were (1) "actual," rather than a matter of her perception, and (2) "abnormal" enough not to render her injury a subjective reaction to normal work conditions. Claimant filed this timely petition for review from the Board's decision.

This Court has found that mental illness can be a compensable injury under the Act if it (1) arises in the course of employment and (2) is related thereto. *Kitchen v. Workmen's Compensation Appeal Board (Mesta Machine Company)*, 73 Pa.Commonwealth Ct. 289, 293, 458 A.2d 631, 633 (1983). In such cases, the claimant has the burden of establishing his right to compensation under the Act by proving the necessary elements. *Werner v. Workmen's Compensation Appeal Board (Bernardi Bros., Inc.)*, 102 Pa.Commonwealth Ct. 463, 518 A.2d 892 (1986).

Due to the highly subjective nature of psychiatric injuries, the claimant, to meet his burden of proof, must adequately pinpoint both the occurrence of the injury and its cause. *Thomas v. Workmen's Compensation Appeal Board*, 55 Pa.Commonwealth Ct. 449, 423 A.2d 784 (1980). When the causal relationship between a claimant's work and his injury is not obvious, as here, this court has held that unequivocal medical testimony is necessary to establish such a relationship. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa.Commonwealth Ct. 202, 465 A.2d 132 (1983). In the instant case, it is undisputed that Claimant did suffer a disabling psychiatric injury. Furthermore, Dr. Puhalla testified "with more than a reasonable medical psychiatric certainty [that] it [the injury] was related and caused by a persistent, severe and excessive work load," and that he

"felt that this work load was the direct and primary cause of this new illness." The referee found this testimony to be unequivocal, and the Board did not disturb that conclusion.

Although Claimant has met her burden of proof regarding the existence of the injury and its work-related causation, the Board found she failed to meet the final two tests derived from the law in these cases. Those tests can be succinctly described as the tests of (1) actuality and (2) abnormality. Both of these tests relate to the nature of work events alleged to have caused the injury and both must be met by Claimant before she may be compensated.

 The law under the Act is clear that a claimant must prove the existence of actual, and not merely perceived or imagined, work events which caused the injury in order to receive compensation. *Hirschberg v. Workmen's Compensation Appeal Board (Department of Transportation)*, 81 Pa.Commonwealth Ct. 579, 474 A.2d 82 (1984). It is events actually and objectively occurring within the work environment, and not subjectively occurring according to a claimant's perceptions, that must cause the injury, otherwise it is not truly related to the course of *employment*, as required by the Act.

In the instant case, Claimant attempted to prove the objective existence of two actual work events which caused her injury: (1) pressure to perform and (2) increased work load.

 Our scope of review is limited, as was the Board's, to a determination of whether a violation of constitutional rights occurred, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Mackintosh Hemphill v. Workmen's Compensation Appeal Board (Banicki)*, 116 Pa.Commonwealth Ct. 401, 541 A.2d 1176 (1988). Substantial evidence is such relevant evidence which a reasonable mind might accept as adequate to support a finding. *Evans v. Workmen's Com-*

*pensation Appeal Board (Anchor Hocking Corporation),* 87 Pa.Commonwealth Ct. 436, 487 A.2d 477 (1985).

▬ The referee found that an increase in pressure to perform was an actual, and not imagined or perceived, work event which helped cause Claimant's injury. However, we agree with the Board that this finding is not supported in the record by substantial objective evidence. The record shows that, in spite of her work load increase, Claimant still was allowed her full break at lunchtime; her supervisor redistributed Claimant's additional work throughout the office to alleviate her backlog; Claimant, herself, admitted that when her supervisor spoke with her it was in an effort to help her and not to criticize her. Thus, the evidence in the record establishes that any feelings of pressure experienced by Claimant were not actually induced by her work environment but were a matter of the Claimant's perception.

The referee also found the second work event alleged by Claimant, work load increase, to be an *actual* work event. The Board did not disturb this finding, and neither will this Court. There is evidence in the record to support the finding that Claimant's work load did, in actuality, increase during the 1986–87 work years, just prior to her injury.

▬ Although Claimant has established that this work load increase actually occurred, and that it caused her injury, in order to be compensated she must also prove the increase to be *abnormal. See Allegheny Ludlum Steel Corporation v. Workmen's Compensation Appeal Board (Fisher),* 91 Pa.Commonwealth Ct. 480, 498 A.2d 3 (1985). This Court has held that a claimant's subjective reaction to a "normal" work condition is not a compensable injury under the Act. *Thomas,* 55 Pa.Commonwealth Ct. at 456, 423 A.2d at 788. In fact, we have held that even if a claimant adequately identifies actual (not merely perceived or imagined) employment events which have precipitated psychiatric injury, as here, the claimant must still prove the events to be "abnormal" before he can recover. *Pate v. Workmen's Compensation Appeal Board (Boeing Vertol*

Co.), 104 Pa.Commonwealth Ct. 481, 522 A.2d 166 (1987); *petition for allowance of appeal denied,* 517 Pa. 611, 536 A.2d 1335, *cert. denied,* 484 U.S. 1064, 108 S.Ct. 1025, 98 L.Ed.2d 989 (1988).

Our Supreme Court has established the "abnormal work conditions" standard, employed by the Commonwealth Court in *Thomas,* as the law in Pennsylvania. In *Martin v. Ketchum, Inc.,* 523 Pa. 509, 568 A.2d 159 (1990), the Court agreed that a claimant, in order to be compensated, must prove by objective evidence not only that he has suffered a psychiatric injury, but also that such injury was caused by abnormal working conditions and was not a subjective reaction to normal working conditions.

Our discussion of "abnormal" working conditions has often centered around the pinpointing of a sudden change or unusual event in the work place. *Kane v. Workmen's Compensation Appeal Board (Williamsport Automotive),* 107 Pa.Commonwealth Ct. 360, 528 A.2d 302 (1987); *McDonough v. Workmen's Compensation Appeal Board (Department of Transportation),* 80 Pa.Commonwealth Ct. 1, 470 A.2d 1099 (1984) (abnormal for superior to regularly and loudly criticize claimant in front of others). In the instant case, the record supports the finding that the increase in Claimant's work load occurred gradually. Also, there is no objective evidence in the record indicating that increases in work load are unusual for Claimant's position.

This Court has also evaluated the abnormality of work conditions by comparing them to the work conditions of fellow employees performing similar duties, finding no abnormality if their work conditions are also similar. *Pate,* 104 Pa.Commonwealth Ct. at 485, 522 A.2d at 168. Here, Claimant has not distinguished her work duties from her fellow employees enough to render such a comparison invalid. The record shows that although Claimant's work load had increased, so had the work loads of *all* of the employees at the Fund. In fact, there is evidence that other employees may have experienced an even greater increase in work load than Claimant, due to the redistribution of her additional work throughout the office.

Finally, we have found that a change of duties coupled with an increase of responsibility can constitute "abnormal" work conditions. *Bevilacqua v. Workmen's Compensation Appeal Board (J. Bevilacqua Sons, Inc.)*, 82 Pa.Commonwealth Ct. 511, 475 A.2d 959 (1984). However, in this case, Claimant's duties and responsibilities remained the same. She had no new or additional duties to perform, only more of the same ones she had been performing for approximately seven (7) years.

As the referee's finding of an abnormal work condition is not supported by substantial competent evidence, that finding was properly rejected by the Board. Since the actual work-related cause of her psychiatric injury was not proven to be an abnormal work condition, Claimant cannot be compensated for her injury.

Accordingly, we affirm the decision of the Workmen's Compensation Appeal Board.

## ORDER

AND NOW, this 17th day of August, 1990, the order of the Workmen's Compensation Appeal Board is hereby affirmed.