IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia Brennan,                            :
                      Petitioner             :
                                             :    No. 270 C.D. 2016
            v.                               :
                                             :    Submitted:  September 9, 2016
Workers' Compensation  Appeal                :
Board (Commonwealth of                       :
Pennsylvania),                               :
                      Respondent             :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  December 21, 2016


           Patricia Brennan (Claimant) petitions for review of the January 28, 2016,
order of the Workers' Compensation Appeal Board (Board), which affirmed the
decision and order of the Workers' Compensation Judge (WCJ) granting the
suspension petition filed by the Commonwealth of Pennsylvania (Pennsylvania
House of Representatives) (Employer).[1]

           For thirteen years, Claimant managed the district office of an elected
member of the Pennsylvania House of Representatives.  Claimant described her job
duties as follows:

_____

[1] The WCJ also granted a petition to review compensation benefits filed by Claimant, but
that petition is not at issue in the present appeal.

> I took constituent complaints and put them into the constituent tracking system. I followed up with different departments to resolve the concerns of the constituents. I took care of the legislator's calendar again on the computer. I managed all of her activities, schedules, ordered supplies for the office…I greeted people as they came in, dealt with their problems, put away supplies, filed, faxed, data entry…day was spent on the computer keyboard…I'd say at least fifty percent.

(WCJ's Finding of Fact No. 5(b); Reproduced Record, R.R. at 245a-246a.) In June of 2012, Claimant began suffering pain in her left wrist and thumb, which ultimately caused her to stop working and seek medical treatment. Employer issued a Notice of Compensation Payable (NCP) dated September 24, 2012, acknowledging that Claimant sustained a work-related injury in the nature of a left wrist strain due to repetitive motion.[2] On June 25, 2013, Claimant filed a review petition seeking to add deQuervain's Syndrome to the description of her work injury. Employer filed an answer denying the allegations of this petition. On June 6, 2013, following an independent medical examination which determined that Claimant could perform sedentary work and the offer of a modified job on April 3, 2013, to which Claimant did not respond, Employer filed a petition to suspend Claimant's compensation benefits. On January 15, 2014, as these petitions were pending, Employer issued an Amended/Corrected NCP to add deQuervain's Syndrome to the description of the work injury. (WCJ's Findings of Fact Nos.1- 5.)

Nevertheless, both petitions were assigned to the WCJ, who proceeded with hearings. Claimant testified that she first noticed pain in her left wrist and thumb in June 2012, and that she subsequently commenced treatment with Dr. Mark Avart. After a series of referrals and recommendations of surgery from several

---

[2] The WCJ's decision incorrectly identifies the date of the NCP as December 7, 2012.

orthopedic physicians, Claimant began treating with Dr. Robert Cabry in December of 2012. Despite staying with Dr. Cabry for treatment, she noticed little if any improvement in her symptoms. Claimant also testified that although she has difficulty performing activities of daily living, she was able to perform volunteer work for a community association and that she sent emails from her home computer and participated on the social media site Facebook. Additionally, Claimant admitted to receiving Employer's job offer but felt she could not perform the duties of the modified job. (WCJ's Findings of Fact No. 5.)

In support of her review petition and in opposition to Employer's suspension petition, Claimant presented the deposition testimony of Dr. Cabry, who is board-certified in family and sports medicine. Dr. Cabry first saw Claimant on December 10, 2012, at which time he confirmed her diagnosis of deQuervain's Syndrome. Dr. Cabry noted that deQuervain's Syndrome typically results from overuse and he related Claimant's condition to her clerical work for Employer. Dr. Cabry performed regenerative injection therapy on Claimant's left wrist during this visit, and performed the same procedure on Claimant's right wrist during a second visit on January 9, 2013. (WCJ's Findings of Fact No. 8.)

Dr. Cabry testified that Claimant reported moderate relief from these procedures but that she still had ongoing complaints of pain throughout the course of her treatment. Dr. Cabry specifically opined that Claimant could not perform the duties of the modified job offered by Employer. On cross-examination, Dr. Cabry admitted that he was not aware that Claimant had ceased working as of July 2012 and that said facts do not change his opinion as to the causation of Claimant's right wrist symptoms. Dr. Cabry also acknowledged that he imposed no restrictions on Claimant's work activities following her initial visit in December 2012, or during any

3

subsequent visits until April 2013. Finally, Dr. Cabry agreed that Claimant could perform sedentary work, such as sitting at a desk and answering phones. (WCJ's Finding of Fact No. 8.)

In support of its suspension petition, Employer offered the deposition testimony of Louise Reaves, the Human Resources Director of the Democratic Caucus of the House of Representatives, who had responsibility for employment issues, including working with employees with workers' compensation issues. Ms. Reaves testified that Employer offered Claimant a job modified to meet restrictions imposed by Dr. Elizabeth Post, the physician who examined Claimant on behalf of Employer. The proposed job offer contained modified duties but no wage loss for Claimant. The job was set to begin April 3, 2013, but Claimant did not appear for the modified job, which remained available to Claimant. (WCJ's Finding of Fact Nos. 6.)

Employer also offered the deposition testimony of Dr. Post, who is board-certified in neurological surgery. Dr. Post performed an independent medical examination of Claimant on February 12, 2013, and found an ongoing problem of deQuervain's Syndrome, although she could not "specifically relate it to any incident at work," but had "no reason to doubt" that deQuervain's Syndrome was the result of repetitive stress at work. Dr. Post approved the modified job offered by the Employer. (WCJ's Finding of Fact No. 7.)

Ultimately, the WCJ issued a decision granting Claimant's review petition and granting Employer's suspension petition as of April 3, 2013. In rendering her decision, the WCJ rejected Claimant's testimony as not credible because (1) Claimant acknowledged volunteer and home activities inconsistent with her professed symptoms; (2) Claimant was unable to obtain relief from a number of

4

"well-credentialed orthopedic surgeons with a subspecialty in the hands;" (3) "[t]he Claimant has failed to adequately explain why and what portions of the light duty employment offer made by the Employer , she felt she could not have performed in light of her current activities;" and (4) "[t]he Claimant has failed to adequately explain why she did not respond to the employment offer made by the Employer until the day she was to return to work." (WCJ's Finding of Fact No. 9.) The WCJ credited Ms. Reaves's testimony, especially in light of the fact that "there is no factual contest to the job offer being made and received by the Claimant" and Ms. Reaves's testimony was consistent with Claimant's own testimony regarding the modified job duties and Claimant's failure to return to work. (WCJ's Finding of Fact No. 10.)

In resolving the differences of the medical experts, the WCJ found Dr. Post more credible than Dr. Cabry based on experience and qualifications, Dr. Post's review of a broader array of medical records, and that "Dr. Cabry failed to adequately explain why the Claimant could not perform the employment duties set firth [*sic*] in the job offer in light of her activities of daily living, i.e., her volunteer activities along with her home activities." (WCJ's Finding of Fact. No. 11.) Claimant appealed to the Board, but the Board affirmed the WCJ's decision.

On appeal to this Court,[3] Claimant argues that the Board erred in affirming the WCJ's decision because the record lacks substantial and competent evidence that she was capable of performing the modified job offered by Employer.

---

[3] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 261 n.3 (Pa. Cmwlth. 2006).

5

More specifically, Claimant argues that the reasons stated by the WCJ for granting Employer's suspension petition, i.e., Claimant's ability to perform volunteer and home activities, her rejection of the opinions of respected orthopedic surgeons, her ability to perform the modified job, and the WCJ's credibility determinations with respect to Dr. Post and Dr. Cabry were not supported in the record. We disagree.

An employer is faced with the following process when a job offer is made:

> (1)    The employer must show that the employee has recovered some or all ability, that is, a change in medical condition;
>
> (2)    The employer must show that it offered referrals to then-open jobs for which the employee has been given medical clearance;
>
> (3)    The employee must then demonstrate that he or she had in good faith followed up on the job referral; and,
>
> (4)    If the referral fails to result in a job, the claimant's benefits should continue.

*Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company)*, 532 A.2d 374, 380 (Pa. 1987).[4]

In a workers' compensation proceeding, the WCJ is the ultimate fact finder and is the sole authority for determining the weight and credibility of evidence. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698

---

[4] Although *Kachinski* was superseded, in part, when the General Assembly amended Section 306(b) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512, to add subsection (2) in 1996, *Riddle v. Workers' Compensation Appeal Board (Allegheny City Electric, Inc.)*, 981 A.2d 1288, 1292-1293 (Pa. 2009), *Kachinski* "is still applicable in situations where an employer seeks a modification of benefits based on an offer of a specific job with the employer." *South Hills Health System v. Workers' Compensation Appeal Board (Kiefer)*, 806 A.2d 962, 968 (Pa.Cmwlth. 2002).

6

A.2d 1378, 1381 (Pa. Cmwlth. 1997). "As such, the WCJ is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part." *Id.* The WCJ's findings will not be disturbed on appeal when they are supported by substantial, competent evidence. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). "Substantial evidence is such relevant evidence which a reasonable mind might accept as adequate to support a finding." *Berardelli v. Workmen's Compensation Appeal Board (Bureau of Personnel, State Workmen's Insurance Fund)*, 578 A.2d 1016, 1018 (Pa. Cmwlth. 1990). Moreover, where both parties present evidence, it is irrelevant that the record contains evidence which supports a finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether evidence exists that supports the WCJ's findings. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998).

In the present case, while Claimant argues that the reasons underlying the WCJ's grant of Employer's suspension petition were not supported by substantial evidence, Claimant's argument actually constitutes an impermissible attempt to relitigate the WCJ's credibility determinations. As noted above, the WCJ accepted the testimony of Dr. Post as credible and rejected any inconsistent testimony of Dr. Cabry. Even under extensive cross-examination, Dr. Post repeatedly opined that Claimant was capable of performing the duties of the modified job offered by Employer. Further, the WCJ rejected Claimant's testimony regarding her purported inability to perform these duties as not credible. In this regard, the WCJ weighed Claimant's professed limitations with Claimant's volunteer and home activities and found Claimant able to perform the duties of the modified job. Finally, the WCJ found the testimony of Ms. Reaves to be credible, which established an available job

7

within Claimant's physical capabilities, at no wage loss, but which Claimant nonetheless declined to accept. Further, Ms. Reaves noted that the modified job remained available to Claimant after Claimant declined the position.

Because the testimony accepted as credible by the WCJ supports her decision suspending Claimant's benefits as of April 3, 2013, the date the modified job was set to begin, the Board did not err in affirming the WCJ's decision. Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia Brennan,                                      :
                     Petitioner               :
                                              :     No. 270 C.D. 2016
          v.                                  :
                                              :
Workers' Compensation Appeal        :
Board (Commonwealth of              :
Pennsylvania),                      :
                     Respondent      :

## ***ORDER***

AND NOW, this 21st day of December, 2016, the order of the Workers' Compensation Appeal Board, dated January 28, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia Brennan,                        :
                                         : No. 270 C.D. 2016
                     Petitioner          : Submitted:  September 9, 2016
                                         :
            v.                           :
                                         :
Workers' Compensation Appeal             :
Board (Commonwealth of                   :
Pennsylvania),                           :
                                         :
                     Respondent          :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY SENIOR JUDGE FRIEDMAN                        FILED:  December 21, 2016



        Because the evidence credited by the WCJ fails to establish that Employer offered Claimant a position within her capabilities and restrictions, I respectfully dissent.


        Claimant worked for Employer for 13 years.  (WCJ's Findings of Fact, No. 5a.)  Her duties included inputting constituent complaints into a tracking system, managing a legislator's calendar on the computer, greeting people, putting away supplies, filing, faxing, and data entry.  (*Id*., No. 5b.)  Claimant spent approximately 50% of her day on the computer.  (*Id.*)  Due to the repetitive motion at work, Claimant sustained a left wrist strain and suffers from deQuervain's Syndrome, which

results in constant wrist pain. (*Id.*, Nos. 4, 5.) Claimant received benefits pursuant to a notice of compensation payable. (*Id.*, No. 4.)

Thereafter, Employer offered Claimant a position with duties similar to her pre-injury position except that it was "Modified to Accommodate Limited Typing/Filing Less Than Two (2) Hours Per Day." (Job Description; Reaves Dep. at 9-10.) The modified job required Claimant to answer phones, greet visitors, manage calendars and scheduling, maintain office supplies, prepare written correspondence, and perform clerical duties including: typing, faxing, filing, and collating. (Job Description.) Employer's witness acknowledged that the modified position required Claimant to type 55 words per minute, with no more than four errors, in order to perform the duties of the modified position. (WCJ's Findings of Fact, No. 6e).

Dr. Post, whose testimony the WCJ credited, acknowledged that Claimant has deQuervain's Syndrome, which was the result of repetitive stresses at work. (*Id.*, No. 7.) Claimant experiences constant wrist pain, which gets worse when she types. (*Id.*, No. 7d, h.) "[Claimant] was very clear to me that the one thing that bothered her the most was the typing." (*Id.*, No. 7j.) Although Claimant's "typing should be limited," Dr. Post opined that Claimant could work in a sedentary capacity. (*Id.*, No. 7g.) Dr. Post testified that Claimant could not perform her pre-injury job, but Claimant could perform the modified job, which restricted her typing to less than two hours. (*Id.*) Although not stated in the modified job description, Dr. Post "presumed" that continuous typing would not be required. Dr. Post testified:

> Q. So a combination of filing and typing it's your understanding [it] would be limited to less than two hours per day?

A.    Yes.

Q.    How do you arrive at that, Dr. Post, the two hour criteria?

A.    To some extent it's arbitrary, but it doesn't seem to be a lot of time.  It's a very small percentage of the workday.  It didn't seem to be unreasonable, and *I presume it would not be consecutive.*

(Post. Dep., 10/14/13, at 29-30.) (Emphasis added).

I cannot agree with the majority that the modified job, which requires Claimant to type 55 words per minute on a consecutive basis for up to two hours a day, amounting to 25% of her workday, is within Claimant's capabilities and restrictions.  Dr. Post's testimony does not support the determination that Claimant can perform the modified position.  First, although Dr. Post acknowledged that typing caused Claimant the most pain, Dr. Post "arbitrarily" determined that Claimant could type for two hours.  Secondly, Dr. Post "presumed" the modified position would not require consecutive typing.  However, the modified job description did not contain this "presumption."  In fact, typing 55 words per minute was a requirement of the modified job.

For the foregoing reasons, I respectfully dissent.

_____
ROCHELLE S. FRIEDMAN, Senior Judge