IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia, : 
                 Petitioner : 
                  :    No. 1072 C.D. 2016
         v. : 
                  :    Submitted: December 16, 2016
Workers' Compensation Appeal : 
Board (Moore), : 
               Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: April 20, 2017

City of Philadelphia (Employer) petitions for review of the June 24, 2016, order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting the reinstatement petition of John T. Moore (Claimant) and denying Employer's termination petition.

**Facts and Procedural History**

Claimant injured his left knee at work on August 21, 2012. He had worked for Employer for more than fifteen years and was a Streets Repair Crew Chief, which involved heavy labor, including climbing ladders and the use of sledge hammers, jack hammers, and other tools to remove, fix, or change street signs. On August 21, 2012, Claimant was removing a parking sign from a wooden telephone

pole when he fell backwards onto the street. Employer issued a notice of compensation payable which acknowledged a "left knee injury." (WCJ's Findings of Fact Nos. 1-3; Reproduced Record (R.R.) at 7-9, 140-41.)

Off work briefly, Claimant then returned to his regular job with modified duties and no loss in earnings. Employer referred Claimant to Gary Muller, M.D., an orthopedic surgeon on Employer's posted panel of physicians. After some treatment with Dr. Muller, Claimant returned to full duty on October 11, 2012, at which point Employer issued a notification of suspension. (WCJ's Findings of Facts Nos. 3-4; R.R. at 140-41, 143.)

Claimant's knee remained symptomatic so that Dr. Muller operated on the left knee, which took Claimant out of work. After the surgery, Claimant continued to have complaints of pain, so that he sought another position with Employer, something that would not involve climbing ladders and use of heavy equipment. On June 17, 2013, Claimant began work as a Traffic Investigator with Employer, a position with much lighter physical requirements and less pay with no overtime. (WCJ's Findings of Fact Nos. 4-5; R.R. at 14-16.)

On July 31, 2013, Claimant filed a reinstatement petition alleging a worsening of his work injury, causing a decrease in earning power as of June 17, 2013. Employer filed an answer denying all material allegations and then filed a termination petition on October 16, 2013, alleging full recovery based upon a medical examination it had commissioned. Claimant filed an answer to Employer's termination petition denying all material allegations. The petitions were consolidated and assigned to a single WCJ, who convened a hearing.

2

Claimant testified before the WCJ at a hearing, consistent with the above chronology of the work injury, his time off work, and his taking the lighter job. Claimant also testified that even after the surgery, he continued to experience pain in his left knee when he climbed ladders, got in and out of trucks, lifted ladders above his shoulder, and engaged in the regular duties of his pre-injury job, so that he moved to the lighter-duty work as a Traffic Investigator. (R.R. at 14-15.) The left knee continues to bother Claimant whenever he has to walk two blocks or more. (R.R. at 16.) When Claimant was asked whether he had "injured [his] left knee prior to August of 2012," Claimant answered, "No." (R.R. at 17.) When Claimant was asked, "Have you any problems with your right knee," he answered, "No." (R.R. at 22.)

Claimant presented the deposition testimony of Dr. Muller. Board-certified in orthopedic surgery, Dr. Muller first saw Claimant for the present, left-knee injury on September 4, 2012. Dr. Muller commissioned an MRI, which showed a medial meniscus tear in the back of the cartilage of the inner aspect, consistent with Claimant's complaints. (WCJ's Finding of Fact No. 6; R.R. at 33-37, 82-83.) According to Dr. Muller, conservative treatment was not effective, so he performed arthroscopic surgery on January 24, 2013. This was followed by a regimen of injections, with limited success. Dr. Muller testified that Claimant needs use of a cane or brace on occasion and that the 2012 work injury prevented Claimant from performing the duties of his date-of-injury job. That work injury aggravated underlying arthritis, he testified, and Claimant has not fully recovered from that injury. (WCJ's Findings of Fact Nos. 6-8; R.R. at 35-45, 63-64.) Dr. Muller testified that he had treated Claimant in the past for a 2011 right knee injury. During that earlier treatment of the right knee, Dr. Muller testified that Claimant showed no symptoms or signs of pain in the left knee. (R.R. at 34.)

3

During cross-examination, Employer's counsel sought to question Dr. Muller about records of Claimant's family doctor, to which a hearsay objection was lodged.[1]   Other hearsay statements from other doctors were referenced in questions to Dr. Muller on cross-examination concerning prior treatment to the left knee.   On re-direct examination, Dr. Muller testified that Claimant was not capable of performing the duties of his pre-injury work, and that even based on Claimant's release to unrestricted duty by Claimant's family doctor, Dr. Muller testified that "regardless of this, the fall [at work] appears to be the major contributing factor to the development of the knee symptoms."   Dr. Muller concluded that whether the incident on August 21, 2012, caused or aggravated problems in Claimant's left knee, the injury is why Claimant remains disabled from performing his pre-injury job. (R.R. at 53-59, 63-66.)

Employer presented the deposition testimony of David Glaser, M.D. Board-certified in orthopedic surgery, Dr. Glaser examined Claimant once, at the request of Employer.   Dr. Glaser testified that Claimant gave him an incomplete medical history and that Dr. Muller did not seem to be aware of the prior symptoms in either knee.  He testified that Claimant's left knee problems were not caused by the 2012 work injury, from which Claimant was fully recovered.  He testified that the arthroscopic surgery was the result of underlying, non-work-related degenerative changes in Claimant's left knee, although he conceded that Claimant's arthritis

---

[1] Claimant's counsel preserved the objection to hearsay statements from Claimant's primary care physician, referred to by Employer's counsel and attached to Dr. Muller's deposition as Defense Deposition Exhibit 1.  This exhibit consisted of a handwritten scrip dated June 27, 2013, from Chester Mayer, M.D., which read, "I am John Moore's primary care physician.  Mr. Moore has arthritis in his knees.  He is not taking arthritis medication.  He is medically qualified to perform unrestricted duty."  (R.R. at 59, 86.)   There is no record of the WCJ ruling on this objection.

predisposes him to knee problems, so that Claimant should not return to his pre-injury job. (WCJ's Findings of Fact Nos. 9-11; R.R. at 94, 99-101.)

In his decision, the WCJ found Claimant credible and found Dr. Muller to have been more credible than Dr. Glaser. The WCJ found Dr. Muller credible as the treating physician who offered a more detailed analysis. The WCJ found Dr. Glaser's "analysis of causation and resulting disability to be jesuitical" and his reasoning to have been "convoluted." (WCJ's Finding of Fact No. 15.) Accordingly, the WCJ found that Claimant had met his burden of proving entitlement to reinstatement but that Employer had not met its burden of proving full recovery, so that its termination petition was denied. (WCJ's Findings of Fact Nos. 13-15 and Conclusions of Law Nos. 1-3.)

Employer appealed to the Board, which affirmed the WCJ. Employer argued to the Board that Dr. Muller's testimony was not credible as the basis for either granting the reinstatement petition or denying the termination petition. In its opinion, the Board found that Employer essentially was seeking a reassessment of the WCJ's credibility determinations, and that there was no evidence accepted by the WCJ which supported any finding of prior *injury* in the left knee. Indeed, the Board noted that the only evidence of prior *problems* in the left knee was the testimony of Dr. Glaser, which was specifically rejected by the WCJ.

Employer petitioned for review by this Court.[2] Employer identifies three issues on appeal; (1) Dr. Muller lacked a proper foundation to make any opinion on

---

[2] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

5

whether Claimant's left knee problems were work-related, so that his testimony was legally incompetent; (2) Claimant's ongoing wage loss was not related to the work injury; and, (3) the only competent medical evidence compelled a termination of benefits.

## Discussion

### Competency of Dr. Muller's Testimony

In a workers' compensation proceeding, the WCJ is the ultimate fact finder and is the sole authority for determining the weight and credibility of evidence. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). "As such, the WCJ is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part." *Id.* The WCJ's findings will not be disturbed on appeal when they are supported by substantial, competent evidence. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). "Substantial evidence is such relevant evidence which a reasonable mind might accept as adequate to support a finding." *Berardelli v. Workmen's Compensation Appeal Board (Bureau of Personnel, State Workmen's Insurance Fund)*, 578 A.2d 1016, 1018 (Pa. Cmwlth. 1990). Moreover, where both parties present evidence, it is irrelevant that the record contains evidence which supports a finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether evidence exists that supports the WCJ's findings. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998).

In the present case, Employer argues that because Dr. Muller did not factor into his analysis the Claimant's prior injury with his right knee or his other,

6

alleged, prior complaints regarding his left knee, that Dr. Muller's entire testimony is legally incompetent. Employer relies on the holding in *Newcomer v. Workers' Compensation Appeal Board (Ward Trucking Co.)*, 692 A.2d 1062 (Pa. 1997). There, our Supreme Court was confronted by a claimant who intentionally rendered a false medical history to his treating physician. The medical records there confirmed that that claimant's testimony was false. *Id.* at 1064, 1066.

The present case is clearly distinguishable from *Newcomer*. There, claimant's description of injury changed during the course of the litigation, as did his description of his symptoms. *Id.* at 1064-65. In the present case, Claimant testified once, and his testimony was consistent. Further, the testifying doctor actually offered a *more* complete medical history of Claimant than that made by Claimant before the WCJ. Moreover, Claimant's testimony on cross-examination was expressly limited to present problems with the right knee. If Employer's counsel wanted to ask about prior problems with the right knee, that certainly would have been within the scope of cross-examination. But there is no evidence that Dr. Muller needed to factor in Claimant's earlier right knee treatment when he was discussing the treatment for the work injury to the left knee.

Additionally, when Dr. Muller was confronted on cross-examination with hearsay statements concerning the left knee from Claimant's family doctor, he stated that whether the work injury caused or aggravated Claimant's underlying degenerative problems in his left knee, it was the fall on August 21, 2012, which has caused Claimant's ongoing disability, whether total or partial. Dr. Muller never wavered in his conclusions, and he was accepted as credible by the WCJ. Thus, Employer's reliance upon *Newcomer* is misplaced. In the case at bar, the testimony

7

of Dr. Muller was competent, and the WCJ's reliance upon his analysis cannot be challenged on appeal.

## Claimant's Ongoing Wage Loss

The Board stated accurately what a claimant must prove to show entitlement to reinstatement of benefits: "A claimant seeking a reinstatement of suspended benefits must prove that his earning power is once again adversely affected by his disability, and that such disability is a continuation of that which arose from his original claim." (Board op. at 2, citing *Bufford v. Workers' Compensation Appeal Board (North American Telecom),* 2 A.3d 548, 558 (Pa. 2010).)

Here, the WCJ credited Dr. Muller's testimony that Claimant has been unable to work full duty since the surgery and that Claimant had not been fully recovered from the August 21, 2012, work injury, emphasizing that Dr. Muller was a board-certified orthopedic surgeon who was on Employer's own panel of physicians and who had been actively treating Claimant for several years. Accordingly, Claimant offered ample competent evidence in the record to support a reduction in earning power due to the work injury, as well as the fact that that disability is arising out of the 2012 work injury. (R.R. at 41-45, 62-67.)

The WCJ found Dr. Muller credible, and so Claimant met his burden of proof in the reinstatement proceeding.

## Denial of the Termination Petition

Similarly, the WCJ's acceptance of Dr. Muller as more credible than Dr. Glaser was amply supported in the record. As our Supreme Court has held:

8

> We must keep in mind that the employer bears the burden of proof in a termination proceeding to establish that the work injury has ceased. In a case where the claimant complains of continued pain, this burden is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury. [citations omitted]. . . If the WCJ credits this testimony, the termination of benefits is proper.

*Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 705 A.2d 1290, 1293 (Pa. 1997).

Conversely, in order to prevail in a termination proceeding where, as here, an injured worker voices complaints in the same area of the body that was injured, Employer had to prove that Claimant's symptoms were unrelated to the work injury because an employer's burden in a termination matter is "considerable" and "never shifts." *Marks v. Workers' Compensation Appeal Board (Dana Corp.)*, 898 A.2d 689, 693, 695 (Pa. Cmwlth. 2006). As we have set forth above, Claimant offered substantial competent evidence to support the WCJ's finding of ongoing disability, and Dr. Muller specifically testified that Claimant is not fully recovered from the work injury, and that testimony was specifically credited by the WCJ, while Dr. Glaser's testimony was not found credible. (WCJ's Findings of Fact Nos. 8, 14, 15, and Conclusion of Law No. 2; R.R. at 43-45.)

Employer effectively seeks a re-litigation of its termination petition because it is displeased with the WCJ's weighing of the witnesses' testimony and the evidence. Such determinations are for the WCJ, not a reviewing tribunal. *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board (Krawczynski)*, 305 A.2d 757, 760-61 (Pa. Cmwlth. 1973).

## Conclusion

Because Dr. Muller's testimony was competent and credible, and supports the grant of Claimant's reinstatement petition and the denial of Employer's termination petition, the Board did not err in affirming the WCJ's decision. Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia, :
               Petitioner :
: No. 1072 C.D. 2016
            v. :
:
Workers' Compensation Appeal :
Board (Moore), :
               Respondent :

## ***ORDER***

AND NOW, this 20th day of April, 2017, the order of the Workers' Compensation Appeal Board dated June 24, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge