# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Cortez, : 
                Petitioner : 
  : 
         v. :   No. 841 C.D. 2024
  : 
James Floor Covering Co., Inc. : 
(Workers' Compensation : 
Appeal Board), : 
                Respondent :   Submitted: May 6, 2025


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE STACY WALLACE, Judge
                 HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                  FILED:   June 12, 2025


Rodney Cortez (Claimant) petitions this Court for review of a May 31, 2024 Order of the Workers' Compensation Appeal Board (Board). The Board's order affirmed the decision of Workers' Compensation Judge (WCJ) Timothy Bulman that granted, in part, Claimant's Claim Petition, and granted James Floor Covering Co., Inc.'s (Employer) Petition to Terminate Compensation Benefits (Termination Petition). Claimant argues that the Termination Petition was improperly granted because Employer's medical expert failed to establish full recovery from all work injuries listed in Employer's Notice of Compensation Payable (NCP). Because the

Board's conclusions are supported by substantial, competent evidence, we affirm its Order.

## I. Background

Following a March 8, 2022 incident, Employer filed a medical-only NCP on March 18, 2023, which stated that Claimant suffered burns to his left palm and second, third, and fourth fingers after an electrical cord caught fire. Certified Record (C.R.), Item No. 24. Claimant initiated the instant matter with a September 27, 2022 Claim Petition, in which it was alleged that he sustained a disabling, though unspecified, "left[-]hand injury." *Id.*, Item No. 2. Employer filed a timely answer denying the allegations and, on February 21, 2023, filed its Termination Petition alleging full recovery. *Id.*, Item Nos. 4, 5. In support of his Claim Petition, Claimant offered his own testimony and that of his treating physician, Dr. Megan Linehan. In support of its Termination Petition, Employer offered the deposition testimony of Dr. Donald Leatherwood, who performed an Independent Medical Examination (IME) of Claimant on February 9, 2023.

### A. Claimant's Testimony

Testifying at a December 1, 2022 deposition, Claimant recalled that he began working full-time for Employer in November 2021 as a floor installer. C.R., Item No. 18 (Claimant Dep.) at 6. In that position, Claimant was tasked with preparation and installation of flooring materials, which includes considerable lifting of objects such as cement bags. *Id.* at 6-7. Claimant recalled that on the evening of March 8, 2022, he was on a work site preparing a floor for a self-levelling finish. *Id.* at 7. As Claimant was plugging in a machine for the task, its electrical plug "blew up," causing its cord to melt immediately onto Claimant's hand. *Id.* Claimant could not

2

immediately release the cord from his hand, as its plastic coating was stuck to his skin. *Id.* at 8. To treat the injury, Claimant immediately went to a hospital emergency room, where doctors diagnosed him with a second-degree burn and provided burn cream. *Id.* at 8-9. After remaining out of work for two weeks, Claimant began performing light-duty work, which included sweeping and vacuuming. *Id.* at 10. After two weeks of working full-time in a light-duty capacity, Claimant's hours decreased until he was laid off on April 21, 2022. *Id.* at 19. Employer began issuing wage loss benefits immediately but suspended them after four months. *Id.* at 13.

At a June 22, 2023 hearing before WCJ Bulman, Claimant reported persistent issues with his left hand and wrist. C.R., Item No. 15 (6/22/2023 Hr'g Tr.) at 7. Claimant explained that when he attempted to lift groceries or other objects, his hand "want[ed] to release, like it doesn't want to fully grab anything." *Id.* at 7-8. As for his work duties, Claimant did not believe that he was fully recovered from his work injury or capable of returning fully to his former position. *Id.* at 8. In particular, Claimant expressed doubt about his ability to lift objects such as 50- or 60-pound cement bags. *Id.* at 8-9. Claimant also expressed a willingness to perform work within certain restrictions, such as a limit on lifting up to 30 pounds and an avoidance of repetitive, fine hand movements. *Id.* at 9.

### B. Dr. Linehan's Testimony

At a March 22, 2023 deposition, Dr. Linehan testified that she was a graduate of the Philadelphia College of Osteopathic Medicine and board-certified in anesthesia and pain management. C.R., Item No. 17 (Linehan Dep.) at 5-6. During her first examination of Claimant on November 17, 2022, Dr. Linehan observed decreased flexion of his left thumb, tenderness to palpation over the palm of his left

3

hand, diminished flexion of his left hand overall, swelling, and a one-and-a-half-degree temperature difference between his left and right hands. *Id.* at 12. Dr. Linehan concluded that Claimant had sustained a sprain of his left hand and left extensor carpi ulnaris tendinosis, which she attributed to the March 8, 2022 work injury. *Id.* at 20. An electromyography (EMG) performed on December 2, 2022, at Dr. Linehan's request revealed mild carpal tunnel syndrome in Claimant's right hand (but none on his left), no evidence of cervical radiculopathy, and "likely musculoskeletal pain from [his] wrist joint." *Id.* at 17.

Dr. Linehan opined that, at the time of her deposition testimony, Claimant's condition was "significantly better" than it was at his initial examination. *Id.* at 17-18. Nonetheless, Dr. Linehan believed that Claimant was not fully recovered from his work injury, due to "some weakness on [his] left side." *Id.* at 18. In light of Claimant's persistent symptoms, Dr. Linehan recommended light-duty work "to see if he can tolerate the tasks." *Id.* at 20. Dr. Linehan anticipated that Claimant may be capable of moving gradually into full-duty work, but not "right from the beginning." *Id.*

### C. Dr. Leatherwood's Testimony

At an April 20, 2023 deposition, Dr. Leatherwood stated that he received a medical degree from the University of Pennsylvania and was board-certified in orthopedic surgery. C.R., Item No. 22 (Leatherwood Dep.) at 5.[1] During the February 9, 2023 IME, Dr. Leatherwood first examined Claimant's medical records, including those from the emergency room on the day of his work injury. *Id.* at 12. Based on his review of the records, Dr. Leatherwood characterized that injury as a "grade one or grade two burn" caused when "a rubber [cord] melted in the palm of

---

[1] Dr. Leatherwood's deposition testimony is unpaginated; the pinpoint citations reflect the page numbers within Item Number 22 in the Certified Record.

4

his hand causing a thermal injury," but without "neurological problems of any kind." *Id.* Dr. Leatherwood's impression of the other medical records was that they were "normal," with no sign of post-traumatic abnormalities "whatsoever." *Id.* at 13. While he did not dispute the diagnosis of left extensor carpi ulnaris tendinosis, Dr. Leatherwood dismissed the notion that it was related to Claimant's work injury, calling it "incidental and degenerative in nature." *Id.* at 14. Dr. Leatherwood explained that left extensor carpi ulnaris tendinosis is a condition afflicting the upper side of the wrist, "which in hands surgery is a long distance away" from the palm. *Id.* at 13. Ruling out any causal link between the two, Dr. Leatherwood opined that the "mechanism of a burn on the ulnar side of the palm does not translate into a mechanical injury to the dorsal side of the wrist." *Id.* at 14-15. Based on the relevant records and his examination of Claimant, Dr. Leatherwood concluded that Claimant sustained "a mild burn injury to his left palm," from which he was "fully recovered." *Id.* at 16.

### D. WCJ Bulman's Decision

In an October 18, 2023 decision, WCJ Bulman granted the Claim Petition in part, finding that Claimant sustained "a burn injury to the left hand and palm" on March 8, 2022. C.R., Item No. 7. However, WCJ Bulman also granted Employer's Termination Petition on the ground that Claimant was fully recovered as of the February 9, 2023 IME by Dr. Leatherwood. *Id.* Accordingly, WCJ Bulman awarded Claimant total disability benefits from April 21, 2022 to February 9, 2023, plus interest, as well as past and future reasonable and necessary medical expenses related to the work injury. *Id.*

WCJ Bulman explained in his factual findings that he credited the testimony of Dr. Linehan "to the extent that [] Claimant sustained a disabling work injury on

5

March 8, 2022," but rejected her testimony "regarding the nature and extent of injury and [] Claimant's ongoing medical condition and ability to work after the [IME]." *Id.*, Finding of Fact (F.F.) No. 9. By contrast, WCJ Bulman found Dr. Leatherwood's testimony "more credible and persuasive," given his "extensive clinical expertise," his board certification in orthopedic surgery, and his explanation of the diagnostic findings, which WCJ Bulman characterized as cogent and convincing. *Id.* WCJ Bulman also declined to award counsel fees, finding that Employer engaged in a reasonable contest. *Id.*, F.F. No. 19.

Claimant appealed to the Board, arguing that WCJ Bulman's decision was unsupported by substantial evidence. C.R., Item No. 8. Claimant reasoned that Dr. Leatherwood's testimony failed to "establish that Claimant fully recovered from all his accepted injuries," since the medical-only NCP specifically listed burns to Claimant's fingers, which Dr. Leatherwood did not address. *Id.* The Board rejected that argument, explaining that "Claimant put the description of injury at issue by filing the Claim Petition." C.R. Item No. 10 (Board Op.) at 6. Since WCJ Bulman accepted Dr. Leatherwood's opinion "limiting the injury to a burn of the left palm," from which Claimant had fully recovered, WCJ Bulman's decision was supported by substantial, competent evidence, the Board ruled. *Id.* This appeal followed.[2]

## II. Discussion

In a workers' compensation proceeding, the WCJ is the ultimate factfinder and is the sole authority for determining the weight and credibility of evidence. *Lombardo v. Workers' Comp. Appeal Bd. (Topps Co.)*, 698 A.2d 1378, 1381 (Pa.

---

[2] Our standard of review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lehigh Specialty Melting, Inc. v. Workers' Comp. Appeal Bd. (Bosco)*, 260 A.3d 1053, 1058 n.3 (Pa. Cmwlth. 2021).

6

Cmwlth. 1997). As such, the WCJ is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part. *Id*. We will disturb the WCJ's findings on appeal only if they are unsupported by substantial, competent evidence. *Greenwich Collieries v. Workmen's Comp. Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). This Court has defined substantial evidence as such relevant evidence that "a reasonable mind might accept as adequate to support a finding." *Berardelli v. Workmen's Comp. Appeal Bd. (Bureau of Pers., State Workmen's Ins. Fund)*, 578 A.2d 1016, 1018 (Pa. Cmwlth. 1990).

Claimant maintains on appeal that Employer was required to prove full recovery of "all injuries accepted via the NCP," and that Employer failed to do so. Claimant's Br. at 12. Claimant reasons that "at no time did the Employer's expert, Dr. Leatherwood, limit the injury to a burn injury of the palm," thereby excluding the additional injuries Employer voluntarily accepted." *Id*. (internal quotations omitted). Specifically, the medical-only NCP described an injury to Claimant's second, third, and fourth fingers, which Dr. Leatherwood failed to address or even mention in his testimony, Claimant argues. *Id*. Claimant further argues that, where claimants continue to exhibit symptoms in the same parts of the body as where a work injury is sustained, "the employer is the party who must prove that the symptoms are unrelated to the work injury." *Id*. at 13 (citing *Udvari v. Workers' Comp. Appeal Bd. (USAir, Inc.)*, 705 A.2d 1290, 1294 (Pa. Cmwlth. 1997)). Since WCJ Bulman did not require Employer to establish that Claimant was fully recovered from the injuries to his fingers, Claimant argues, Employer failed to meet its burden to terminate his benefits.

Claimant's argument is unavailing. Section 413(a) of the Workers' Compensation Act provides that a WCJ "may, at any time, review and modify or set

7

aside [an NCP] . . . in the course of the proceedings under any petition pending before such [WCJ], if it be proved that such [NCP] was in any material respect incorrect."[3]   While the Claim Petition was pending before him, WCJ Bulman modified the injury description to "a burn injury to the left hand and palm."  C.R., Item No. 7, F.F. No. 11, Order.   Specifically, WCJ Bulman found:

> 11. Based upon a review of the foregoing and a review of all the evidence of record considered in its entirety, this Judge finds the Claimant suffered an injury arising in the course and scope of employment on March 8, 2022. Specifically, this Judge finds the Claimant sustained "a burn injury to the left hand and palm."  This Judge finds these conditions are supported by the credible evidence of record, particularly the Claimant's initial credible subjective complaints, the mechanism of injury, the diagnostic studies, the [medical-only ]NCP, and the credible testimony of Dr. Leatherwood.

*Id.*, F.F. No. 11.  As explained, this finding is consistent with Dr. Leatherwood's credited testimony that Claimant sustained only "a mild burn injury to his left palm." Leatherwood Dep. at 16.   Dr. Leatherwood further testified, and WCJ Bulman accepted, that the extensor carpi ulnaris tendinosis diagnosed by Dr. Linehan was unrelated to the work injury.  Employer bore no burden of proving that Claimant was fully recovered from injuries that WCJ Bulman never found Claimant to have sustained in the first place.   Since Dr. Leatherwood's testimony established unequivocally that Claimant was fully recovered from the work-related injury to his left palm and that any continued symptoms were unrelated to that injury, it constitutes substantial, competent evidence to support the termination of Claimant's benefits as of the February 9, 2023 IME.

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771.

8

### III. Conclusion

Discerning no error in WCJ Bulman's determinations, we affirm the Board.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Cortez,                  :
          Petitioner    :
                       :
         v.           :   No. 841 C.D. 2024
                       :
James Floor Covering Co., Inc. :
(Workers' Compensation     :
Appeal Board),            :
          Respondent  :

## O R D E R

AND NOW, this 12th day of June 2025, the Order of the Workers' Compensation Appeal Board in the above-captioned matter, dated May 31, 2024, is hereby AFFIRMED.

 

_____
MATTHEW S. WOLF, Judge